UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BOSLEY, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No.  2:23-cv-1031<br><br>**COMPLAINT FOR SERVICE-MARK INFRINGEMENT, DILUTION, AND UNFAIR COMPETITION** |

Plaintiff Advanced Hair Restoration LLC (hereinafter "AHR") for its complaint against Defendant Bosley, Inc., (hereinafter "Bosley"), alleges as follows.

### THE PARTIES

1. Plaintiff AHR is a limited liability company of the State of Washington, having a business address of 11040 Main St, Ste 102, Bellevue, WA 98004.

2. On information and belief, Defendant Bosley is a corporation of the State of Delaware, having a business address of 9100 Wilshire Blvd, East Tower Penthouse, Beverly Hills, CA 90212.

3. On information and belief, Defendant Bosley occasionally does business under its corporate name.

## JURISDICTION AND VENUE

4. This civil action arises under the Federal Unfair Competition Laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; the Federal Trademark Laws of the United States, 15 U.S.C. § 1114 [Lanham Act § 32]; the Federal Anti-Dilution Laws of the United States, 15 U.S.C. § 1125(c) [Lanham Act § 43(c)]; the Washington State Trademark Laws, R.C.W. 19.77.140, *et seq.*; the Washington State Consumer Protection Act, R.C.W. 19.86.020, *et seq.*; and the Washington State Anti-Dilution Statute, R.C.W. 19.77.160. Thus, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

5. Venue with respect to the Defendant is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1391(c)(2) because the Defendant is doing business and has committed acts of infringement within this judicial district.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff AHR is the country's premier provider of medical beauty services, including cosmetic medical procedures and medical services rendered in relation to hair restoration, treatments, and transplants.

7. Plaintiff AHR applied for registration of the mark ADVANCED HAIR RESTORATION® (hereinafter "the Federally Registered Mark") in compliance with 15 U.S.C. § 1051(a) [Lanham Act § 1(a)] on March 29, 2021, and was granted U.S. Registration No. 6,817,641 ("the '641 Registration") on August 16, 2022, in connection with the following services: Medical, beauty services, namely, non-invasive cosmetic medical procedures; medical services rendered in relation to hair restoration, hair treatments, and hair transplants. A true and accurate copy of the registration certificate for U.S. Registration No. 6,817,641 is appended hereto as Exhibit 1.

COMPLAINT FOR SERVICE-MARK INFRINGEMENT, COUNTERFEITING, DILUTION, AND UNFAIR COMPETITION - 2

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402

8. Plaintiff Advanced Hair has used the marks ADVANCED HAIR RESTORATION® and ADVANCED HAIR™ ("the Common Law Mark"), in connection with the services listed in the '641 Registration, in Washington since at least as early as 2011, thereby establishing Advanced Hair's common law rights in such marks in Washington.

9. Herein, the Common Law Mark and the Federally Registered Mark are collectively referred to as "the Mark".

10. The Mark is heavily advertised by Plaintiff AHR and its licensee(s) to their customers.

11. The Mark is recognized by Plaintiff AHR's customers and the customers of its licensee(s) as an indicator of source.

12. The Mark is famous in the relevant marketplace.

13. The Mark is distinctive.

14. The Mark is owned by Plaintiff AHR.

15. On information and belief, Defendant Bosley is a provider of medical beauty services, including cosmetic medical procedures and medical services rendered in relation to hair restoration, hair treatments, and hair transplants.

16. On information and belief, Defendant Bosley offers such services to the public in this judicial district under the designations ADVANCED HAIR RESTORATION and ADVANCED HAIR (collectively hereinafter "the Accused Mark") as shown in Exhibit 2, which is a true and accurate copy of a screen capture of Bosley's advertisements in June 2023.

17. The Accused Mark as used by Defendant Bosley in its advertising materials is substantially identical to Plaintiff AHR Hair's Mark.

18. Plaintiff AHR has, since before adoption of the Accused Mark by Defendant Bosley, continuously used the Mark in connection with the advertising of medical beauty services, including hair restoration, hair treatments, and hair transplants throughout the State of Washington and in commerce.

19. On information and belief, Defendant Bosley commenced commercial use of the Accused Mark after Plaintiff AHR's Mark became famous.

20. On information and belief, Defendant Bosley commenced use of the Accused Mark in commerce after Plaintiff AHR's Mark became famous.

21. On information and belief, Defendant Bosley pays for internet advertisements, including keyword advertisements and within the body of the ads using Plaintiff AHR's Mark, targeting internet searches that use the following keywords: ADVANCED HAIR RESTORATION and ADVANCED HAIR.

22. Defendant Bosley was placed on notice of Plaintiff AHR's rights by demand letter on December 8, 2022. Bosley continued to advertise and sell under the Accused Mark thereafter, despite having such notice. A true and accurate copy of such demand letter and the attachments thereto are appended hereto as Exhibit 3.

23. Defendant Bosley expressly refused to cease use of the Accused Mark. A true and accurate copy of such refusal is appended hereto as Exhibit 4.

**CLAIM FOR RELIEF, COUNT I**

Violation of Consumer Protection Act

24. Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

25. The above-described acts of Defendant Bosley constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of R.C.W. 19.86.020 *et seq.* that have infringed Plaintiff AHR's common law service-mark rights and thereby injured Plaintiff AHR in its business and property.

26. Plaintiff AHR is further injured in that consumers are likely to be confused as to the source, sponsorship, or affiliation and to purchase medical hair and beauty services from Defendant Bosley believing that they originated with Plaintiff AHR, was approved of by Plaintiff AHR, or were affiliated with Plaintiff AHR.

27. Defendant Bosley is aware of Plaintiff AHR's service-mark rights.

28. Defendant Bosley knows and intends for such confusion to occur through its advertisements of its services under the Accused Mark.

29. Advertisement by Defendant Bosley under the Accused Mark is directed to consumers widely throughout this state, thereby affecting the public interest.

30. Defendant Bosley continues to do so despite notice, making it clear that Defendant Bosley infringing actions will continue unless enjoined by this Court.

31. The aforesaid acts by Defendant Bosley have been knowing, willful, and without Plaintiff AHR's permission.

32. The aforesaid acts by Defendant Bosley have been intended to trade on Plaintiff AHR's goodwill in the State of Washington.

**CLAIM FOR RELIEF, COUNT II**

Federal Unfair Competition

33. Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

34. The advertisement by Defendant Bosley for its medical and beauty services under the Accused Mark amounts to a false designation of origin, which is likely to confuse the public into believing that there is an affiliation, connection, or association between the source of Defendant Bosley's medical and beauty services and the source of Plaintiff AHR's services.

35. Plaintiff AHR is likely to be damaged by such confusion as to affiliation, connection, or association of the type described.

36. The aforesaid acts by Defendant Bosley have been knowing, willful, and without Plaintiff AHR's prior knowledge or consent.

37. The aforesaid acts by Defendant Bosley are therefore a violation of Plaintiff AHR's rights under 15 U.S.C. § 1125(a) [§ 43(a) of the Lanham Act].

**CLAIM FOR RELIEF, COUNT III**

<u>Registered Service-Mark Infringement</u>

38. Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

39. Defendant Bosley has advertised its services under the Accused Mark so as to confuse the relevant purchasing public as to the source, sponsorship, or affiliation of Defendant Bosley's medical and beauty services with the source, sponsorship, or affiliation of Plaintiff AHR's services.

40. Defendant Bosley has advertised, offered for sale, and sold its medical and beauty services under the Accused Mark in commerce regulated by Congress.

41. The acts by Defendant Bosley were without the prior knowledge, permission, or consent of Plaintiff AHR.

42. The acts by Defendant Bosley therefore violate Plaintiff AHR's exclusive rights under 15 U.S.C. § 1115.

43. In accordance with 15 U.S.C. §§ 1116 and 1117, Plaintiff AHR is entitled to an injunction against further infringement and an award for the actual damages it has suffered and all profits, gains, and advantages derived by the Defendant Bosley as a result of its infringement of Plaintiff AHR's rights under the Registered Mark.

**CLAIM FOR RELIEF, COUNT IV**

<u>Counterfeiting</u>

44. Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

45. Defendant Bosley's Accused Mark is a counterfeit mark as defined under 15 U.S.C. § 1116(d)(1) with respect to the Registered Mark. In particular, the Registered Mark is registered as the '641 Registration on the principal register for the U.S. Patent and Trademark Office for the same services sold, offered for sale, and distributed by Defendant Bosley and as actually used by Plaintiff AHR.

46. Defendant Bosley was placed on actual notice of the '365 Registration by letter dated December 8, 2022, and continued to use the counterfeit mark in connection with the sale, offering for sale, and distribution of Defendant Bosley's medical beauty services with which the counterfeit mark is prominently advertised.

47. In accordance with 15 U.S.C. § 1117(c), Plaintiff AHR is entitled to the greater of three times Defendant Bosley's profits, three times Plaintiff AHR's damages, or statutory damages up to $2,000,000 for use of the counterfeit mark in connection with the medical beauty services sold offered for sale, or distributed and Plaintiff AHR's reasonable attorneys' fees.

48. Plaintiff AHR reserves the right to give notice to the U.S. Attorney for this judicial district of an application for seizure of Defendant Bosley's marketing and advertising materials embodying the counterfeit mark and reserves the right to file such application together with an affidavit or verified complaint and security determined adequate by the Court.

**CLAIM FOR RELIEF, COUNT V**

Violation of Anti-Dilution Statute

49. Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

50. The Mark is famous in the State of Washington.

51. The above-described acts of Defendant Bosley cause dilution of the distinctive quality of Plaintiff AHR's Mark.

52. On information and belief, Defendant Bosley willfully intended to trade on Plaintiff AHR's reputation.

53. On information and belief, Defendant Bosley willfully intended to cause dilution to Plaintiff AHR's Mark.

**CLAIM FOR RELIEF, COUNT VI**

Federal Dilution

54. Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

55. The above-described acts of Defendant Bosley are likely to cause dilution of Plaintiff AHR's Mark.

56. On information and belief, Defendant Bosley willfully intended to trade on the recognition of Plaintiff AHR's Mark.

57. On information and belief, Defendant Bosley willfully intended to harm the reputation of Plaintiff AHR's Mark.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff AHR requests the entry of a judgment by this Court against the Defendant Bosley providing:

(a) That Defendant Bosley has violated the Washington State Consumer Protection Act, R.C.W. 19.86.020 *et seq.*;

(b) For an award of damages, together with interest, to compensate Plaintiff AHR for Defendant Bosley's past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to Plaintiff AHR of all of its costs and attorney's fees with respect thereto in accordance with R.C.W. 19.86.090;

(c) That Defendant Bosley has violated the Washington State Anti-Dilution Statute, R.C.W. 19.77.160;

(d) That Defendant Bosley, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with Defendant Bosley be preliminarily and permanently enjoined and restrained from the manufacture, use, display, or sale of any counterfeits or colorable imitations of any mark that is likely to cause dilution of the distinctive quality of Plaintiff AHR's Mark;

(e) That Defendant Bosley deliver any item bearing the Accused Mark in the possession or under the control of Defendant Bosley to an officer of the Court to be destroyed;

(f) That Defendant Bosley willfully intended to trade on Plaintiff AHR's reputation or to cause dilution of Plaintiff AHR's Mark;

(g) That Defendant Bosley pay to Plaintiff AHR all profits derived from and/or all damages suffered by reason of such dilution of the distinctive quality of Plaintiff AHR's Mark;

(h) That Defendant Bosley pay to Plaintiff AHR an amount equal to three times all profits derived from and/or all damages suffered by reason of such dilution of the distinctive quality of Plaintiff AHR's Mark;

(i) That Defendant Bosley pay Plaintiff AHR's reasonable attorneys' fees;

(j) That Defendant Bosley has violated § 43(a) of the Lanham Act;

(k) That Defendant Bosley has infringed Plaintiff AHR's Registered Mark;

(l) That Defendant Bosley has violated § 43(c) of the Lanham Act;

(m) That Defendant Bosley, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with Defendant Bosley be preliminarily and permanently enjoined and restrained from making any false designation of origin which is likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection, or association of Defendant Bosley with Plaintiff AHR by virtue of similarities between Defendant Bosley's Accused Mark and Plaintiff AHR's Registered Mark and Plaintiff AHR's Related Mark;

(n) For an award of damages in accordance with 15 U.S.C. § 1117(a) including all of Defendant Bosley's profits, damages sustained by Plaintiff AHR, and the costs of the action including a trebling of such damages and that the Court determine that this is an exceptional case and award Plaintiff AHR its reasonable attorney's fees;

(o) That Defendant Bosley, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with Defendant Bosley be preliminarily and permanently enjoined and restrained from selling or offering to sell in commerce services under

the Accused Mark and substantially identical designations and that this Court issue an order pursuant to 15 U.S.C. § 1116 requiring Defendant Bosley to produce all advertising materials made or used in violation of Plaintiff AHR's rights in the Registered Mark and in the Related Mark and of all proofs and other articles by means of which such advertising materials may be reproduced for destruction and file and serve a report in writing under oath setting forth in detail the manner and form in which Defendant Bosley has complied with the injunction;

(p) For an award of Plaintiff AHR's actual damages and Defendant Bosley's profits in accordance with 15 U.S.C. § 1117, together with interest as this Court considers just to compensate Plaintiff AHR for the past infringement of its Registered Mark and for an award to Plaintiff AHR of all its costs with respect thereto in accordance with 15 U.S.C. § 1117;

(q) That the Accused Mark is a counterfeit mark;

(r) That Defendant Bosley knows its Accused Mark is a counterfeit mark;

(s) That Defendant Bosley knows that its Accused Mark is a counterfeit mark;

(t) That Defendant Bosley intentionally uses the counterfeit mark in connection with the sale, offering for sale, or distribution of Defendant Bosley medical beauty services;

(u) For an award of greater of three times Defendant Bosley's profits or three times Plaintiff AHR's damages, together with prejudgment interest;

(v) For an award of statutory damages of $2,000,000 for Defendant Bosley's use of the counterfeit mark in connection with the sale, offer for sale, or distribution of its medical beauty services;

(w) For an award of reasonable attorneys' fees; and

(x) For other and further relief as is provided by law and that this Court deems just and equitable.

//

COMPLAINT FOR SERVICE-MARK INFRINGEMENT, COUNTERFEITING, DILUTION, AND UNFAIR COMPETITION - 10

**Bamert Regan**
113 Cherry St, Unit 55215
Seattle, WA 98104
206.669.2402

1  Respectfully submitted on this 10th day of July, 2023.

2                               BAMERT REGAN

3
                                s/ John J. Bamert
4                               John J. Bamert, WSBA No. 48128
                                Bamert@BamertRegan.com
5                               206.669.2402
                                113 Cherry St, Unit 55215
6                               Seattle, Washington 98104

7                               *Counsel for Plaintiff Advanced Hair Restoration LLC*