UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADVANCED HAIR RESTORATION LLC,

Plaintiff,

v.

BOSELY INC,

Defendant.

CASE NO. C23-1031-KKE

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

This matter comes before the Court on Plaintiff and Counterclaim Defendant, Advanced Hair Restoration LLC's ("AHR"), motion to dismiss Bosley Inc.'s ("Bosley") counterclaim and to strike Bosley's affirmative defenses. Dkt. No. 14. The Court heard oral argument on both motions on November 29, 2023. For the reasons provided below, the Court denies AHR's motion to dismiss Bosley's counterclaim and grants in part and denies in part AHR's motion to strike Bosley's affirmative defenses.

## I. BACKGROUND

This is a trademark dispute between competitors in the hair restoration industry. Dkt. Nos. 15 ¶¶ 6, 15; 16 at 1. Bosley has two registered trademarks relevant to this case (collectively "Bosley's Trademarks"). First is Bosley's registered trademark for "THE ART AND SCIENCE OF HAIR RESTORATION," which was first used in 1992 and registered on October 31, 2000.

Dkt. No. 15-1. That registration includes an explicit disclaimer stating, "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'HAIR RESTORATION', APART FROM THE MARK AS SHOWN." *Id.* Second is Bosley's registered trademark for "THE WORLD'S MOST EXPERIENCED HAIR RESTORATION," which was first used in September 2005, and was registered December 19, 2017. Dkt. No. 15-2.

AHR has three trademarks relevant to this case (collectively, "AHR's Trademarks"). First is AHR's claimed common law mark for "ADVANCED HAIR," which AHR alleges has been used in Washington state since 2011. Dkt. No. 1 ¶ 8. Second and third are AHR's common law mark and registered trademark for "ADVANCED HAIR RESTORATION," which were first used in 2011, and were registered on August 16, 2022. Dkt. No. 1-1. This registration includes an explicit disclaimer stating, "No claim is made to the exclusive right to use the following apart from the mark as shown: 'HAIR RESTORATION.'" *Id.*

In July 2023, AHR filed its complaint alleging Bosley "pays for internet advertisements, including keyword advertisements…using Plaintiff AHR's Mark, targeting internet searches that use the following keywords: ADVANCED HAIR RESTORATION and ADVANCED HAIR." Dkt. No. 1 ¶ 21. AHR brought the following six causes of action: violation of the Washington Consumer Protection Act (RCW 19.86.20); federal unfair competition (25 U.S.C. § 1125(a)); registered service-mark infringement (15 U.S.C. § 1115); counterfeiting (15 U.S.C. § 1116(d)(1)); violation of anti-dilution statute (RCW 19.77.160); and federal dilution. Dkt. No. 1 ¶¶ 34–57.

AHR attached to its complaint multiple exhibits, including its original cease and desist letter to Bosley and Bosley's response. Dkt. Nos. 1-1–1-4. In response to AHR's two-page cease and desist letter, Bosley provided an extensive ten-page explanation for why AHR's infringement claim would fail. Dkt. No. 1-4. More specifically, Bosley's response includes (1) an explanation for why "advanced" and "hair restoration" are generic or descriptive (Dkt. No. 1-4 at 2, 4–5, 8–

10); (2) examples of third-party use of the term "advanced" with hair goods (*id.* at 8, 10); and (3) a summary of AHR's prior unsuccessful attempt to register ADVANCED HAIR RESTORATION (*id.* at 9–10).

In response to AHR's complaint and its exhibits, Bosley filed an answer with fourteen affirmative defenses. Dkt. No. 11 at 7–9. Bosley also filed a counterclaim for declaration of invalidity for each of AHR's Trademarks: AHR's "ADVANCED HAIR RESTORATION" registered trademark, and AHR's common law trademark rights to ADVANCED HAIR RESTORATION and ADVANCED HAIR. Dkt. No. 11 ¶¶ 58–71. Bosley alleges two theories for why these trademarks are invalid: Bosley's Trademarks were used in commerce before AHR's Trademarks and AHR's Trademarks are "confusing similar" to Bosley's Trademarks; and AHR's Trademarks are "generic and/or merely descriptive of the goods and services." Dkt. No. 11 at 12. AHR then filed the pending motion to dismiss Bosley's counterclaim and to strike all of Bosley's affirmative defenses.

## II. ANALYSIS

### A. AHR's Motion to Dismiss Is Denied.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be based on either a lack of a cognizable legal theory or the absence of sufficient facts under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept all facts alleged in the complaint as true and make all inferences in the light most favorable to the non-moving party. *In re Fitness Holdings, Int'l, Inc.*, 714 F.3d 1141, 1144–45 (9th Cir. 2013).

But "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). "A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015).

1. Bosley's first legal theory is not impossible as a matter of law.

Bosley argues the AHR Trademarks are invalid because they are confusingly similar to Bosley's trademarks for "THE ART AND SCIENCE OF HAIR RESTORATION" and "THE WORLD'S MOST EXPERIENCED HAIR RESTORATION," both of which were used by Bosley before AHR claims to have used the AHR Trademarks. Dkt. No. 11 at 12.[1] AHR argues this legal theory is "impossible as a matter of law" because the only terms in common between the two groups of marks ("hair" or "hair restoration") are generic and/or expressly disclaimed. Dkt. No. 14 at 6; *see id.* at 6–9. Bosley responds that courts do not perform a word-by-word comparison for the likelihood of confusion test. Dkt. No.16 at 3, 8–9.

Bosley is correct. Courts in the Ninth Circuit do not analyze whether marks are confusingly similar by only comparing the words in common between the marks. "[W]hat is critical is the *overall* appearance of the mark as used in the marketplace, not a deconstructionist view of the different components of the marks." *Playmakers, LLC v. ESPN, Inc.*, 297 F. Supp. 2d 1277, 1283 (W.D. Wash. 2003), *aff'd*, 376 F.3d 894 (9th Cir. 2004). Thus, the Court cannot limit its consumer confusion analysis to the words "hair" or "hair restoration."

---

[1] As a threshold matter, both parties seem to agree that Bosley's legal theory could be a proper avenue to find a trademark invalid. *See Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1021 (9th Cir. 2018) ("[A]ny ground that would have prevented registration in the first place qualifies as a valid ground for cancellation," including that there exists a "likelihood of confusion between the mark sought to be canceled and a mark for which the party seeking cancellation can establish either prior use or prior registration.").

Likewise, AHR's argument that the Court should ignore any disclaimed words and compare the remaining words ignores this Circuit's law. The Ninth Circuit does not ignore disclaimed terms when considering whether a likelihood of confusion exists. *See Sleeper Lounge Co. v. Bell Mfg. Co.*, 253 F.2d 720, 722 n.1 (9th Cir. 1958) ("Disclaimed material forming part of a registered trade-mark cannot be ignored. It is still part of the composite trade-mark which must be considered in its entirety.").

When comparing AHR's Trademarks and Bosley's Trademarks as a whole, it is possible that consumers could be confused between "ADVANCED HAIR" or "ADVANCED HAIR RESTORATION" and "THE ART AND SCIENCE OF HAIR RESTORATION" and "THE WORLD'S MOST EXPERIENCED HAIR RESTORATION." These trademarks are not as different as "Pepsi" and "Coke." *See* Dkt. No. 14 at 8 (citing *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999)). That is enough at this stage of the proceedings.[2]

AHR also argues Bosley's first legal theory fails because it contradicts Bosley's second legal theory. Dkt. No. 14 at 8. This Court does not need to determine whether the legal theories are inconsistent because the Federal Rules of Civil Procedure explicitly allow the pleading of inconsistent legal theories. Fed. R. Civ. P. 8(d) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Inconsistency is not a basis to dismiss Bosley's first legal theory.[3]

---

[2] A likelihood of confusion analysis "is often not appropriate at the motion to dismiss stage." *Universal Prot. Serv., LP v. Coastal Fire & Integration Sys., Inc.*, No. 22-CV-1352-JES-KSC, 2023 WL 4042582, at *4 (S.D. Cal. June 15, 2023) (collecting cases).

[3] AHR's motion repeatedly argues Bosley's first legal theory is "incurable" and "impossible as a matter of law." Dkt. No. 14 at 5, 6, 8. For the first time in its reply, AHR argues, regarding the first legal theory, that "Defendant Bosley fails to plead sufficient facts to satisfy the elements of its counterclaim." Dkt. No. 17 at 4. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

AHR's motion to dismiss Bosley's first legal theory for its counterclaim is denied.

2. Bosley's second legal theory is sufficiently pled.

Bosley also argues the AHR Trademarks are invalid "because they are generic and/or merely descriptive of the goods and services offered by [AHR] who cannot establish secondary meaning." Dkt. No.11 at 12. AHR argues this legal theory should be dismissed because it is "devoid of factual allegations." Dkt. No. 14 at 9. AHR cites *Davis v. Hollywood & Ivar, LLC*, No. 2:21-CV-01235-VAP (JPRx), 2021 WL 4816823 (C.D. Cal. Aug. 30, 2021) as identifying the "minimum factual bases for sufficiently pleading" descriptiveness or genericness. Dkt. No. 14 at 10. There, the Court explains:

> Defendant does, however, provide a specific explanation of why the term "Jamaica Gold" is descriptive, arguing that "'Jamaica' is merely descriptive of the geographic source of the type of music presented and 'gold' is merely laudatory." (Answer at 9). Likewise, for genericness Defendant argues that the term "Jamaica Gold" is akin to a "generic name for the type of music offered." (*Id.*). The Court does not agree with Plaintiff's claim that Defendant's explanations constitute only "bare bones, conclusory allegations."

*Hollywood & Ivar,* 2021 WL 4816823, at *8 (cleaned up).

Here, it is true that Bosley's second theory of invalidity is stated briefly in its Answer. However, AHR attached to its complaint Bosley's letter in response to AHR's cease and desist notice. At oral argument on AHR's motions, counsel for both parties agreed that Bosley's response letter had become part of the pleadings by virtue of its attachment to and reference in the complaint, and therefore the Court could consider the factual allegations set forth therein. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

Bosley's response letter fleshes out the factual bases supporting the counterclaim far more extensively than what the *Hollywood & Ivar* court found sufficient to state a claim. For example, Bosley's response letter alleges:

- "Further, ADVANCED is a laudatory term defined as 'being at a higher level than others'. See the enclosed dictionary definition. Marks that include such terms are regarded as being descriptive because '[s]elf-laudatory or puffing marks are regarded as a condensed form of describing the character or quality of the goods [or services].'" Dkt. No. 1-4 at 4.

- "Additionally, the terms 'hair solution' are disclaimed and are generic for the services at issue and the relevant public would understand the wording 'hair restoration' to be the generic name of their hair loss treatment services." *Id.* at 5.

In light of the factual allegations in Bosley's response letter and the standard applied to counterclaims under Federal Rule 12(b)(6), the Court finds Bosley has stated sufficient facts to support the second legal theory for its counterclaim.

**B. AHR's Motion to Strike Bosley's Affirmative Defenses Is Granted in Part and Denied in Part.**

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense…." Fed. R. Civ. P. 8(c)(1) (listing examples of affirmative defenses). Bosley pled fourteen affirmative defenses. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (cleaned up).[4] "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Tollefson v. Aurora Fin. Grp., Inc.*, No. C20-0297JLR, 2021 WL 462689, at *2 (W.D. Wash. Feb. 9, 2021) (quoting *Kohler v. Islands Rests.*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)).

---

[4] AHR's motion to strike Bosley's affirmative defenses includes footnotes asserting that affirmative defenses must state a "plausible claim for relief." Dkt. No. 14 at 11–12, nn.3, 4. However, AHR admits to focusing "this motion on the lack of 'fair notice.'" *Id.* at 11, n.3. Accordingly, the Court analyzes Bosley's affirmative defenses under the "fair notice" standard often used in this District. *See White v. Univ. of Washington*, No. 2:22-CV-01798-TL, 2023 WL 3582395, at *4 (W.D. Wash. May 22, 2023).

AHR seeks to strike each of Bosley's fourteen defenses. Dkt. No. 14 at 11–21. Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up). Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits. *See, e.g.*, *Chao Chen v. Geo Grp., Inc*., 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018).

AHR seeks to strike Bosley's first affirmative defense, failure to state a claim, for being "immaterial and impertinent." Dkt. No. 14 at 13. The Court finds Bosley's "failure to state a claim" defense is material and pertinent, even though the deadline to move to dismiss has passed. *See, e.g.*, Fed. R. Civ. P. 12(c) (allowing for judgment on the pleadings "after pleadings are closed"). At this early stage of the litigation, and with the parties providing conflicting authority on the appropriateness of striking this defense (Dkt. Nos. 14 at 12–13, 16 at 13), the Court is not persuaded that striking this defense is necessary or appropriate.

Regarding Bosley's seventh affirmative defense ("Third-Party Use/Abandonment"), AHR argues that acquiescence, waiver, and abandonment are separate defenses and the mere allegation that the marks have been used by third parties fails to address other required elements of each claim. Dkt. No. 14 at 15–17. The Court agrees that this affirmative defense is too conclusory and

vague to give Bosley fair notice. The Court strikes Bosley's seventh affirmative defense with leave to amend.

AHR next argues that Bosley's eighth affirmative defense ("Fair Use") improperly lists nominative fair use as an affirmative defense, when nominative fair use is an "alternative multi-factor test to assess the likelihood of confusion." Dkt. No. 14 at 17. Bosley does not provide any authority to the contrary. Dkt. No. 16 at 18–19. This Circuit does not treat nominative fair use as an affirmative defense. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1182 (9th Cir. 2010) ("The district court treated nominative fair use as an affirmative defense to be established by the Tabaris only after Toyota showed a likelihood of confusion under *Sleekcraft*. This was error…."). Accordingly, the Court strikes Bosley's eighth affirmative defense with leave to amend to assert descriptive fair use as an affirmative defense.

AHR argues the following affirmative defenses are "redundant, immaterial, and impertinent" (Dkt. No. 14 at 20): (11) not famous, (12) non-infringement, and (13) no enhanced damages or attorneys' fees. The Court finds these defenses are material and pertinent because, as AHR admits, they speak directly to AHR's affirmative claims. Dkt No. 14 at 20 (describing these defenses as merely repeating Bosley's denial of AHR's claim). Likewise, AHR's understanding that these affirmative defenses are directly responding to AHR's allegations demonstrates Bosley has pled sufficient facts to provide "fair notice" to AHR. At this early stage, and with the parties providing conflicting authority on the appropriateness of affirmative defenses that merely deny elements of the affirmative claim (Dkt. Nos. 14 at 20, 16 at 21), the Court is not persuaded that striking these defenses is appropriate.

AHR seeks to strike the remaining affirmative defenses for failing to set forth sufficient facts: (2) unclean hands (Dkt. No. 14 at 13), (3) estoppel (*id.*), (4) laches (*id.* at 14), (5) bad faith (*id.* at 15), (6) genericness and descriptiveness (*id.*), (9) misuse and antitrust violation (*id.* at 17–

19), and (10) priority (*id.* at 19–20). Taking the pleadings in full, including Bosley's detailed response letter, the Court finds that Bosley has included sufficient facts to describe the "nature and grounds" for each of these defenses. The Court is confident AHR understands Bosley's arguments and their factual bases.

In addition to alleging a failure to plead sufficient facts, AHR also argues Bosley's ninth affirmative defense ("Misuse or Antitrust Violation") is improperly pled because "misuse" is the same defense as "unclean hands." Dkt. No. 14 at 17. Under Federal Rule of Civil Procedure 8 (d), a party may set out a claim or defense "alternatively or hypothetically." At this early stage, the Court will not strike this affirmative defense for mere duplication.

Lastly, AHR argues Bosley's "reservation of rights" is not an affirmative defense "and is therefore unnecessary and immaterial." Dkt. No. 14 at 20–21. The Court strikes Bosley's reservation of rights affirmative defense because, in this District, such a reservation is not a proper affirmative defense. *See Ohio Sec. Ins. Co. v. Garage Plus Storage Aviation LLC*, 600 F. Supp. 3d 1164, 1170 (W.D. Wash. 2022) (striking a reservation of rights affirmative defense).

In sum, the Court grants AHR's motion to strike Bosley's seventh affirmative defense of "Third Party Use/Abandonment" with leave to amend; eighth affirmative defense of "Fair Use" with leave to amend; and fourteenth affirmative defense of "Reservation of Rights" without leave to amend. The motion to strike Bosley's remaining defenses is denied.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to dismiss. Dkt. No. 14.

The Court further GRANTS IN PART AND DENIES IN PART Plaintiff's motion to strike. Dkt. No. 14. The motion is GRANTED as follows: Bosley's seventh and eighth affirmative defenses are STRICKEN with leave to amend, and Bosley's fourteenth affirmative defense is

STRICKEN without leave to amend. The motion to strike the remaining affirmative defenses is DENIED.

Dated this 29th day of December, 2023.

Kymberly K. Evanson
United States District Judge