UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BOSLEY INC,<br>　　　　　　Defendant. | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING MOTION TO AMEND THE COMPLAINT |

  This matter comes before the Court on Plaintiff Advanced Hair Restoration LLC's ("Advanced Hair") motion to amend the complaint. Dkt. No. 34. Defendant Bosley Inc. ("Bosley") filed an opposition requesting oral argument (Dkt. No. 37) and Advanced Hair filed a reply (Dkt. No. 40). The Court heard oral argument on March 25, 2024 (Dkt. No. 41), and the matter is ripe for consideration. For the below reasons, the Court grants Advanced Hair's motion to amend the complaint.

## I.   RELEVANT BACKGROUND

  This is a trademark infringement case. Advanced Hair brings six causes of action against Bosley for infringing its registered trademark ADVANCED HAIR RESTORATION and its common law marks ADVANCED HAIR RESTORATION and ADVANCED HAIR. Dkt. No. 1. Bosley counterclaimed for a declaration of invalidity for Advanced Hair's ADVANCED HAIR RESTORATION trademark, arguing it is generic and is too similar to Bosley's incontestable

marks (THE ART AND SCIENCE OF HAIR RESTORATION and THE WORLD'S MOST EXPERIENCED HAIR RESTORATION EXPERT). Dkt. No. 11. Advanced Hair then moved to dismiss Bosley's counterclaim and to strike Bosley's affirmative defenses. Dkt. No. 14.

After briefing and oral argument, the Court denied Advanced Hair's motion to dismiss, granted in part and denied in part Advanced Hair's motion to strike (Dkt. No. 22), and entered a scheduling order (Dkt. No. 23). The parties then stipulated to extend the case schedule, but did not seek to extend the joinder of parties deadline. Dkt. No. 26. The Court granted the stipulation (Dkt. No. 27), making the relevant deadlines March 4, 2024 for the joinder of parties (Dkt. No. 23), and June 3, 2024 for the amendment of pleadings (Dkt. No. 27).

On February 29, 2024, Advanced Hair filed this motion to amend the complaint. Dkt. No. 34.

## II.  ANALYSIS

Advanced Hair seeks to make two categories of changes to its complaint. *See* Dkt. No. 34-3 (redlined amended complaint). First, Advanced Hair seeks to add allegations that Bosley, and any added defendants, are infringing another of Advanced Hair's common law trademarks (SIMPLE 1 DAY TREATMENT). Second, Advanced Hair seeks to add two defendants, Hair Club for Men Ltd. ("Hair Club"), and Aderans Co., Ltd. ("Aderans"). The Court will address each category in turn.

**A.  Advanced Hair May Amend the Complaint to Add Allegations about SIMPLE 1 DAY TREATMENT.**

The deadline to amend the pleadings is June 3, 2024. Advanced Hair's motion to add new allegations to its complaint is therefore timely and must only meet the requirements of Federal Rule of Civil Procedure 15. Rule 15(a)(2) requires courts to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this rule, courts may decline

ORDER GRANTING MOTION TO AMEND THE COMPLAINT - 2

leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court need not consider every factor, and "prejudice to the opposing party[] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). As the party opposing amendment, the burden is on Bosley to show prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Bosley argues Advanced Hair's motion to amend should be denied because it is brought in bad faith, would be futile, and prejudices Bosley. Dkt. No. 37 at 10–13.

Bosley has not shown that Advanced Hair's motion was filed in bad faith. "A plaintiff acts in bad faith when it [amends] its complaint to prolong the litigation by adding new but baseless legal theories, or when it intends to deceive, harass, mislead, delay, or disrupt…there must be evidence of conscious wrongdoing in furtherance of a dishonest purpose, furtive motive, or ill will." *Washington Sch. Risk Mgmt. Pool v. Am. Re-Ins. Co.*, No. 21-CV-00874-LK, 2023 WL 5036075, at *4 (W.D. Wash. Aug. 8, 2023) (cleaned up). Bosley claims only that each of the new facts was known to Advanced Hair before filing the original complaint, and thus should have been pleaded earlier. Dkt. No. 37 at 11.[1] Alleged delay alone is not enough to show bad faith.

Bosley's argument that the amendment is futile because "SIMPLE 1 DAY PROCEDURE" is generic and the allegations are improperly made on "information and belief" is more appropriately addressed in a dispositive motion. "Leave to amend should be denied only if it is 'beyond doubt' that the proposed amended complaint would be subject to dismissal for failure to

---

[1] While it does seem Advanced Hair could have (and perhaps should have) known about the new allegations earlier, this is more appropriately considered under the "undue delay" factor, which "by itself is insufficient to justify denying leave to amend." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015) (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

ORDER GRANTING MOTION TO AMEND THE COMPLAINT - 3

state a claim." *Washington Sch. Risk Mgmt. Pool*, 2023 WL 5036075, at *7 (quoting *DCD Programs*, 833 F.2d at 188). At this stage, the Court cannot say that Advanced Hair's amendments are futile.

Lastly, Bosley fails to show it will suffer any unfair disadvantage from this amendment that cannot be cured through additional discovery, which is allowed under the current case schedule. There is no prejudice. *See Wizards of the Coast*, 309 F.R.D. at 652 ("Prejudice, in the context of a motion to amend, means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the [moving] party." (cleaned up)).

In sum, Advanced Hair has met the standard for amendment under Rule 15(a)(2) and its motion to amend the complaint to add claims is granted.

**B.      Advanced Hair May Amend to Join Hair Club and Aderans as Defendants.**

Advanced Hair seeks to add Hair Club and Aderans, two entities related to Bosley, as additional defendants. Dkt. No. 34-3. The deadline to join additional parties was March 4, 2024 (Dkt. No. 23) and Advanced Hair filed its motion on February 29, 2024 (Dkt. No. 34). Bosley argues the motion is untimely and therefore should be considered under the "good cause" standard required by Federal Rule of Civil Procedure 16. Dkt. No. 37 at 7–8. At oral argument, Bosley conceded that Advanced Hair's motion was filed before the March 4 joinder deadline but argued that the motion was still untimely because the new parties had not been served before March 4. Bosley does not explain when, in its view, a timely motion should have been filed, but argues that because the parties did not adjust the joinder deadline with the rest of the case schedule, that no new parties should be added. Dkt. No. 37 at 7. The Court concludes that Advanced Hair's motion was timely, and thus Rule 16 does not apply.

As detailed above, the Court has already determined that amendment is proper under Rule 15, so the Court must now determine whether joining these new parties is appropriate under

ORDER GRANTING MOTION TO AMEND THE COMPLAINT - 4

Federal Rule of Civil Procedure 20.  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980).  Under Rule 20, additional defendants can be joined in a single action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) there is "some question of law or fact common to all defendants." *Bodyguard Prods., Inc. v. Doe 1*, No. C17-1647-RSM, 2018 WL 526595, at *1 (W.D. Wash. Jan. 24, 2018) (citing Fed. R. Civ. P. 20(a)(2)).  District courts must also consider "if permissive joinder comports with the principles of fundamental fairness or will prejudice either side." *Id.* (cleaned up).  "Permissive joinder is to be liberally construed to promote the expeditious determination of disputes, and to prevent multiple lawsuits." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).

Advanced Hair argues that the amended complaint meets each element of the Rule 20 test,[2] and the Court agrees.  First, Advanced Hair's complaint arises from the same series of transactions in that it alleges "there exists a common intent or plan between Defendants Hair Club and Bosley, namely that they are under the direction and control of Defendant Aderans."  Dkt. No. 34-2 at ¶ 11.[3]  In response, Bosley argues that "multiple and unrelated defendants' [] acts of trademark infringement do not support permissive joinder."  Dkt. No. 37 at 9.  But the cases Bosley cites for this proposition are distinguishable in that they involve truly unrelated defendants.  *See Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1284 (D. Ariz. 2009) (finding

---

[2] Bosley argues Advanced Hair has improperly pleaded this test in the disjunctive. Dkt. No. 37 at 9. Bosley misquotes Advanced Hair's amended complaint. *Compare* Dkt. No. 37 at 9, *with* Dkt. No. 34-2 ¶ 10. Advanced Hair's allegations correctly mirror Rule 20 by stating the parties are properly joined "because a question of law or fact common to all defendants will arise in the action <u>and</u> [] any right to relief is asserted jointly, severally, or in the alternative arising out of the same transaction, or series of occurrences." Dkt. No. 34-2 ¶ 10 (emphasis added).

[3] Bosley objects to this allegation being made on "information and belief" but such allegations are sufficient, especially when paired with the exhibits connecting the three parties (Dkt. Nos. 40-5, 40-6).

ORDER GRANTING MOTION TO AMEND THE COMPLAINT - 5

permissive joinder improper when defendants were "thirteen unrelated business entities located in thirteen different states"); *Colt Def. LLC v. Heckler & Koch Def., Inc.*, No. 2:04cv258, 2004 WL 7350327, at *3 (E.D. Va. Oct. 22, 2004) ("There is no allegation in the complaint revealing a connection among the acts attributed to Bushmaster and those attributed to Heckler & Koch."); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) (denying motion to amend the complaint to add a new defendant because the new defendant "operates independently of the other defendants and sells different products in competition with theirs"). Here, the new defendants are a sister company and parent company (Dkt. No. 34-2 at ¶ 7) and all defendants are alleged to be working together (*id.* ¶ 11). Moreover, Bosley's citation to *Patagonia, Inc. v. Walmart, Inc.* supports *granting* Advanced Hair's motion to amend because, there, the court denied a similar motion seeking to add an affiliated entity as a defendant when the amended complaint did not allege the defendants "engaged in a common scheme." No. 2:22-CV-07311-AB-RAO, 2023 WL 3564772, at *3 (C.D. Cal. May 4, 2023). Advanced Hair includes such allegations in its proposed amended complaint.[4]

Second, Advanced Hair alleges common questions of law or fact by alleging all the defendants infringed the same marks. *See Golden Scorpio Corp.*, 596 F. Supp. 2d at 1284 ("The Court agrees that there are common questions of law and fact because all defendants are alleged to have infringed the same trademarks."). Bosley does not dispute that this allegation is sufficient under Rule 20.

Lastly, adjudicating the case against all defendants in one action is fair and prejudices neither party, and Bosley does not argue otherwise.

---

[4] In its reply and during oral argument, Advanced Hair also argued the allegations arise from the same series of transactions or occurrences because "it cannot be a coincidence that the related defendants are each infringing the same of Plaintiff AHR's marks at the same time and in the same manner." Dkt. No. 40 at 4. Because this allegation is not included in the amended complaint, the Court does not consider it. *See Patagonia*, 2023 WL 3564772, at *3.

ORDER GRANTING MOTION TO AMEND THE COMPLAINT - 6

## III.  CONCLUSION

For these reasons, the Court GRANTS Advanced Hair's motion to amend the complaint. Dkt. No. 34.  Advanced Hair must file its amended complaint and all accompanying exhibits by April 19, 2024.

Dated this 5th day of April, 2024.

*Kymberly K. Evanson*
———————————————
Kymberly K. Evanson
United States District Judge