1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>BOSLEY INC, et al.,<br><br>                    Defendants. | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART MOTION FOR<br>PROTECTIVE ORDER |

Plaintiff Advanced Hair Restoration LLC ("AHR") hired Jeremy Shubitz, the former marketing director of Defendant Bosley Inc. ("Bosley"), while this litigation was pending. Bosley now seeks a protective order (1) striking AHR's second set of requests for production ("RFPs") that seek information about Mr. Shubitz's confidentiality and trade secret obligations and potential violations; (2) prohibiting AHR's counsel "from seeking confidential, trade secret, and/or privileged information from Mr. Shubitz directly or indirectly"; and (3) ordering AHR to disclose certain information about prior contacts between AHR and Mr. Shubitz. The Court finds discovery into all Bosley's trade secrets is unnecessary, but general information about Mr. Shubitz's obligations related to AHR's complaint is relevant, and the unique circumstances here warrant certain safeguards to ensure communications with Mr. Shubitz are proper. Accordingly, the Court grants in part and denies in part Bosley's motion for protective order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## I.   BACKGROUND

On July 10, 2023, AHR filed this complaint against Bosley.  Dkt. No. 1.  The operative second amended complaint alleges six trademark infringement and unfair trade practices causes of action against Bosley and its related entities Hair Club for Men Ltd., and Aderans Co., Ltd.  Dkt. No. 69.

At the end of February 2024, Mr. Shubitz, Bosley's Director of Marketing since 2013, resigned from Bosley to work for AHR.  Dkt. No. 64 ¶¶ 2–3.  On March 8, 2024, Bosley sent a letter to AHR's litigation counsel explaining: (1) that Mr. Shubitz had access to confidential and attorney-client privileged information while employed at Bosley; (2) that he had agreed to comply with Bosley's trade secret and confidential information policy; (3) that any communications by AHR's counsel with Mr. Shubitz about attorney-client privileged information obtained during his employment with Bosley would violate the Rules of Professional Conduct; (4) that the California Uniform Trade Secrets Act applies to Bosley's trade secrets; and (5) asking AHR whether there were any ex parte communications between Mr. Shubitz and AHR while he worked for Bosley. Dkt. No. 65-1 at 7–11.  On March 11, 2024, AHR responded via a letter seeking all documents signed by Mr. Shubitz which related to trade secrets or confidential information; all trade secrets or confidential information Mr. Shubitz had access to during his employment; and all evidence that Mr. Shubitz violated any privilege or trade secret/confidentiality agreements.  *Id.* at 14.  In its response, AHR also included its second amended initial disclosures which listed Mr. Shubitz as a witness and stated he "may testify" about certain specific acts by Bosley to siphon business from and/or harm AHR's business.  *Id.* at 17.  Finally, AHR's response included its second set of RFPs formally asking for the information requested in the letter.  *Id.* at 22–30.

The parties have met and conferred and participated in the joint discovery statement and conference procedure required by this Court.  Dkt. No. 43, 46.  At the conference, the parties

seemed amenable to agreeing to certain "safeguards as they relate to Mr. Shubitz." Dkt. No. 46. But the parties could not agree to a stipulated protective order on this topic. *See* Dkt. No. 65-1 at 59, 62–65. Bosley then filed this motion seeking three categories of relief. Dkt. No. 63. The parties completed briefing (Dkt. Nos. 67, 70), and the Court heard oral argument (Dkt. No. 79). The matter is ripe for the Court's consideration. The Court will identify the relevant legal standards and then will address each category of relief Bosley seeks.

## II.    ANALYSIS

### A.    Legal Standard

Federal Rule of Civil Procedure 26 governs the standard for producing discovery. *See* Fed. R. Civ. P. 26. In general, the scope of discovery is broad and "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant information is "reasonably calculated to lead to the discovery of admissible evidence[.]" *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *see also* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). The court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" On a motion for a protective order, the party seeking to limit discovery "has the burden of proving good cause, which requires a showing "that specific prejudice or harm will result if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). Courts find good cause to issue protective orders when the discovery sought is irrelevant. *See, e.g.*, *Allied World Nat'l Assurance Co. v. Foremost Ins. Co.*,

No. C20-154 MJP, 2021 WL 796331, at *2 (W.D. Wash. Mar. 2, 2021) (granting in part a motion for protective order "given the fact that the materials sought are not relevant and therefore their production would be an unnecessary burden and expense in this case"); *Forbidden Fruit Ciderhouse, LLC v. Ohio Ins. Co*., No. 3:20-cv-00844-AC, 2020 WL 13015916, at *4 (D. Or. Dec. 15, 2020) ("Because Defendants have demonstrated the production of the documents are not relevant to any claim or defense at issue in the case, the court finds that they have satisfied 'good cause' for not producing them, and that a protective order is warranted here."). Even if "good cause" exists, the court must balance the interests in allowing discovery against the burdens to the parties or nonparties. *Roman Catholic Archbishop*, 661 F.3d at 424.

**B.    The Court Strikes AHR's Requests for Production 17, 21, 22, and 23.**

Bosley seeks to strike AHR's RFPs 17 through 25 as irrelevant to the underlying trademark dispute or because they seek "confidential or commercially sensitive information." Dkt. No. 63 at 8–9, Dkt. No. 63-1 at 2. AHR agreed to withdraw RFP 20. Dkt. No. 67 at 2.

RFP 17 seeks "[a]ll documents and things, including non-disclosure agreements and employment agreements, signed by Mr. Jeremy Shubitz that relate to trade secrets or confidential information." Dkt. No. 65-1 at 27. Unlike the next two RFPs, this request does not limit its scope to items related to this case. Accordingly, this request is not relevant to the claims here and there is good cause to strike the request.

RFPs 18 and 19 seek "[a]ll documents and things, including non-disclosure agreements and employment agreements, signed by Mr. Jeremy Shubitz that relate to trade secrets or confidential information" relating to claims asserted here. Dkt. No. 65-1 at 27–28. The parties do not dispute that Mr. Shubitz will be an important witness. Under the broad relevancy standards of Federal Rule of Civil Procedure 26, these requests seek relevant information, and there is no evidence that the previously entered stipulated protective order (Dkt. No. 32), which allows

1    designating documents as confidential or attorney's eyes only, is insufficient to mitigate the risk

2    of inadvertent or improper disclosure.  As such, Bosley must respond to RFPs 18 and 19.

3         RFPs 21 and 22 seek "[a]ll trade secret and confidential information that Mr. Jeremy

4    Shubitz had access to in his employment…relating to" the allegations in the complaint.  Dkt. No.

5    65-1 at 28–29.  These requests are facially overbroad and burdensome.  AHR argues these requests

6    are relevant because Bosley may impeach Mr. Shubitz "and AHR has a right to rehabilitate Mr.

7    Shubitz by demonstrating that Mr. Shubitz never violated any agreement with Bosley or

8    misappropriated Bosley's trade secrets."  Dkt. No. 67 at 7.  But AHR's argument does not explain

9    why Bosley's actual trade secrets and confidential information should be produced.  Bosley has

10   thus shown good cause for a protective order striking RFPs 21 and 22.

11        RFP 23 seeks "[a]ll evidence that Mr. Jeremy Shubitz has violated any trade secret laws,

12   attorney client privilege, or confidentiality agreements."  Dkt. No. 65-1 at 30.  Unlike the next two

13   RFPs, this request does not limit its scope to items related to this case.  Accordingly, this request

14   seeks irrelevant information and there is good cause to strike RFP 23.

15        RFPs 24 and 25 seek "[a]ll evidence that Mr. Jeremy Shubitz has violated any trade secret

16   laws, attorney client privilege, or confidentiality agreements" relating to this case.  Dkt. No. 65-1

17   at 30.  Again, AHR argues these requests are relevant because "AHR has a right to rehabilitate Mr.

18   Shubitz."  Dkt. No. 67 at 7.  Bosley responds that such discovery is inappropriate based on the

19   Federal Rules of Evidence because a witness cannot be impeached on "an immaterial or collateral

20   matter."  Dkt. No. 70 at 2.  While Bosley is correct that claims of impeachment or rehabilitation

21   cannot "grant[] a party carte blanche ability to seek irrelevant information through the discovery

22   process," the discovery rules are broader than the evidence rules and the information sought might

23   be relevant to Mr. Shubitz's role as an important witness.  *Id.* at 3.  Because this information is

24   relevant and appropriately limited, and Bosley has not identified how this information could cause

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER - 5

"annoyance, embarrassment, oppression, or undue burden or expense," Bosley has not shown there is good cause to strike these requests.  Fed. R. Civ. P. 26(c)(1).

**C.     The Parties Agree that Certain Discussions with Mr. Shubitz Must Take Place in the Presence of Both Counsel.**

Bosley also seeks an order "[p]rohibiting AHR's counsel from seeking confidential, trade secret, and/or privileged information from Mr. Shubitz directly or indirectly[.]" Dkt. No. 63-1.  In response, AHR reiterated its agreement to never discuss privileged information with Mr. Shubitz. Dkt. No. 67 at 6.  As to discussions between Mr. Shubitz and AHR about confidential or trade secret information from his time at Bosley, the parties seemed to agree at the hearing in this matter that requiring counsel for both parties to be present for any such discussions would address Bosley's concerns.  Based on these representations and the authority under Federal Rule of Civil Procedure 26(c)(1)(E) for the Court to "designat[e] the persons who may be present while the discovery is conducted[,]" the Court orders that AHR (via its employees and/or counsel) can only discuss with Mr. Shubitz confidential or trade secret information obtained by him in his role at Bosley in the presence of Bosley's counsel.

**D.     AHR Must Provide Limited Information About Its Prior Contact with Mr. Shubitz.**

Bosley seeks an order directing AHR "to disclose the date, time, and subject matter of communications between AHR, its counsel or its agents during the time of Mr. Shubitz's employment with Bosley and any communications thereafter relating to issues in dispute in this litigation." Dkt. No. 63-1 at 2.  AHR responds that Bosley must serve discovery requests so that it can properly object.  Dkt. No. 67 at 6–7.  Bosley explains it cannot serve discovery on this issue because, consistent with Bosley's argument about AHR's second set of RFPs, counsel's conduct related to Mr. Shubitz is irrelevant to the causes of action alleged and is outside the scope of Federal Rule of Civil Procedure 26.  Dkt. No. 70 at 6.

Whether or not Bosley could seek this information through discovery, the Court has the "responsibility for controlling the conduct of lawyers practicing before the district court[.]" *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980).  Based on the unusual circumstances of Mr. Shubitz's resignation at Bosley and subsequent hiring at AHR, and the timing of AHR's amended initial disclosures that provide very specific information about the topics on which Mr. Shubitz may testify (Dkt. No. 65-1 at 17–18), the Court finds that requiring AHR to produce a log of its communications with Mr. Shubitz regarding the allegations in the second amended complaint is a reasonable requirement to ensure no misconduct has occurred.  Acknowledging that AHR's counsel already represented on the record that they have not communicated with Mr. Shubitz about his time at Bosley, preparation of this log should not be burdensome.  Further, AHR's concerns about an inability to object to the requests without formal discovery is assuaged by the opportunity to explain its objections in the joint discovery statement (Dkt. No. 43) and its briefing on this motion (Dkt. No. 67).

Accordingly, AHR shall produce a log of the date, time, manner, and general topic of any communications between AHR employees directly, or through counsel, and Mr. Shubitz regarding information he obtained during his time at Bosley relating to the issues in dispute in this litigation.

### III.   CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Bosley's motion for protective order.  Dkt. No. 63.  Consistent with the provided reasoning, the Court orders:

1. AHR's RFPs 17, 21, 22, and 23 are stricken.  Bosley need not respond to these RFPs.

2. AHR, through counsel or otherwise, can only discuss with Mr. Shubitz confidential or trade secret information obtained through his former employment at Bosley in the presence of counsel for both parties.

3. AHR is ordered to produce a log listing the date, time, manner, and general topic of any communications between AHR employees directly, or through counsel, and Mr. Shubitz regarding information he obtained during his time at Bosley relating to the issues in dispute in this litigation.  AHR shall produce this log by August 29, 2024.

Dated this 15th day of August, 2024.

Kymberly K. Evanson
United States District Judge