UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOSLEY INC, et al.,<br><br>Defendants. | CASE NO. C23-1031-KKE<br><br>ORDER ON JOINT DISCOVERY STATEMENT |

This matter comes before the Court on the parties' July 11, 2024, joint statement of discovery dispute. Dkt. No. 76. Plaintiff Advanced Hair Restoration LLC ("AHR") seeks leave to file a motion to compel Defendant Bosley Inc. ("Bosley") to respond to AHR's first set of interrogatories. *Id.* AHR argues Bosley failed to adequately answer the interrogatories by (1) "refusing to answer Interrogatories Nos. 10–15, instead labeling AHR's 15 interrogatories as 381 interrogatories without explanation[;]" (2) improperly objecting based on relevance to interrogatories 3, 5, 8–10; (3) answering interrogatories 1, 2, 6–9 based on an unreasonable interpretation of "adopt"; and (4) objecting based on privilege to interrogatories 4, 5, 8, and 10. *Id.* at 2–3. In response, Bosley disagrees with each of AHR's positions but does agree to "amend its answer[s] regarding any asserted marks at issue in the Second Amended Complaint." *Id.* at 3. As of the date of the court conference, July 30, 2024, Bosley had not amended the answers. *See* Dkt. No. 79.

This Order will address only the first area of dispute, namely, which of AHR's interrogatories include distinct subparts such that the interrogatory should be counted as more than one under Federal Rule of Civil Procedure 33(a)(1). As for the areas of dispute not addressed by this Order, the parties are instructed to meet and confer again and, if issues remain, either party may file a discovery motion without again participating in the Court's pre-filing conference procedure.

Under Federal Rule of Civil Procedure 33 "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). This means that the court counts "discrete subparts" within an interrogatory as separate interrogatories when determining whether a party has exceeded the 25-interrogatory limit. *Id.* "Although the term 'discrete subparts' [in Rule 33] does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). For example, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33(a)(1) advisory committee note (1993 amendments). But "once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Rabel v. Univ. of Wash. Med. Ctr.*, No. C23-0083JLR, 2024 WL 197370, at *4 (W.D. Wash. Jan. 18, 2024) (quoting *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005)).

Based on this guidance, the Court finds the interrogatories should be counted as follows.[1]

Interrogatory 1 asks Bosley to identify the person most familiar with five aspects of Bosley's use of the term ADVANCED HAIR TRANSPLANT: "advertising and promotion," "sales," "gross receipts and profits from" sales, "the decision to adopt the phrase," and "internet search results." Dkt. No. 76-1 at 5. These subparts include two distinct areas, finances and marketing, and will count as two interrogatories.

Interrogatories 2 through 7 are single interrogatories. *See* Dkt. No. 76-1 at 7–16. It is not a distinct question to ask Bosley to list the relevant individuals involved with the topic of each interrogatory.

Interrogatory 8 asks about the "date and circumstances of Defendant first becoming aware of Plaintiff's use of" six phrases. Dkt. No. 76-1 at 18. Each phrase is its own inquiry, and this interrogatory is appropriately counted as six interrogatories.

Like interrogatory 8, interrogatory 10 asks Bosley to "identify and describe any non-privileged communications between Defendant and any third-party regarding Plaintiff" and six phrases. Dkt. No. 76-1 at 21. Again, each phrase is its own inquiry, and this interrogatory is appropriately counted as six interrogatories.

Interrogatory 12 asks for instances of confusion between ADVANCED HAIR or ADVANCED HAIR RESTORATION and THE WORLD'S MOST EXPERIENCED HAIR RESTORATION EXPERT and THE ART AND SCIENCE OF HAIR RESTORATION. Dkt. No. 76-1 at 24–25. Comparing each set of words is four inquiries, thus interrogatory 12 counts as four interrogatories.

---

[1] The parties agree interrogatories 9 and 11 are each one interrogatory. Dkt. No. 76-1 at 20, 23.

ORDER ON JOINT DISCOVERY STATEMENT - 3

This is twenty-six interrogatories, one more than allowed under Federal Rule of Civil Procedure 33(a)(1). Accordingly, it is appropriate for Bosley to object to the last section of interrogatory 12, the confusion between ADVANCED HAIR RESTORATION and THE ART AND SCIENCE OF HAIR RESTORATION, and the remaining interrogatories. But Bosley cannot object to interrogatories 10, 11, or the first three parts of 12, based on exceeding the limit of interrogatories and must amend its answers to respond to these interrogatories.

While interrogatories 13 through 15 exceed the limits of Rule 33(a)(1) and Bosley need not answer them at this time, in order to provide guidance to the parties in the hope of avoiding future disputes, the Court will address the numerical objections to these interrogatories as well.

Interrogatory 13 asks Bosley to "identify and describe the facts supporting" each of Bosley's denials of AHR's requests for admission. Dkt. No. 76-1 at 26. In response, Bosley represents that it denied at least part of 19 of the RFAs. *Id.* Accordingly, the Court finds AHR's interrogatory 13 should count as 19 interrogatories. *See Jovanovich v. Redden Marine Supply, Inc.*, No. C10-924-RSM, 2011 WL 4459171, at *3 (W.D. Wash. Sept. 26, 2011) ("Given that interrogatories are numerically limited, whereas requests for admission are not, it would be inequitable to allow a party to effectively use a combination of requests for admission and a single interrogatory to obtain discovery information.").

Interrogatory 14 asks Bosley to identify "each individual furnishing the information used in the response" to each interrogatory, "each individual consulted in formulating the response" to each interrogatory, and "[a]ll documents consulted, used, or reviewed" in answering each interrogatory. Dkt. No. 76-1 at 33–34. While the Court does not agree with Bosley that this interrogatory should be counted as nearly three hundred interrogatories (*id.* at 34), the Court does find interrogatory 14 should be considered 13 separate interrogatories because identifying the

ORDER ON JOINT DISCOVERY STATEMENT - 4

requested information for each interrogatory is a discrete inquiry that is separate from the inquiry for other interrogatories.

Lastly, interrogatory 15 asks Bosley to identify each potential fact witness and each expert witness, and to identify each opinion the expert will testify on and the basis for each opinion. Dkt. No. 76-1 at 67.  The Court agrees with Bosley that this request asks for two distinct categories of information: fact witnesses and expert witnesses and their opinions.  Accordingly, interrogatory 15 should count as two interrogatories.

If Bosley has not already done so, Bosley is ordered to amend its answers to interrogatories 10, 11, and part of 12 based on this order by September 13, 2024.  To the extent that Bosley has not amended its answers based on the second amended complaint (Dkt. No. 69), as promised (Dkt. No. 76 at 3), this amendment shall also include those changes.  Upon this amendment, the parties are instructed to meet and confer again regarding any outstanding disputes.  As noted above, if issues remain, either party may file a discovery motion on any of the outstanding discovery issues without further use of the Court's pre-filing conference procedure.

Dated this 16th day of August, 2024.

Kymberly K. Evanson
United States District Judge

ORDER ON JOINT DISCOVERY STATEMENT - 5