UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>BOSLEY INC, et al.,<br><br>                Defendants. | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS |

       Defendants Bosley, Inc. ("Bosley") and Hair Club for Men Ltd., Inc. ("Hair Club") each move to dismiss Advanced Hair Restoration's ("AHR") Second Amended Complaint ("SAC"). Dkt. Nos. 72, 74. Both Defendants argue AHR fails to sufficiently allege its anti-dilution and counterfeiting claims under Federal Rule of Civil Procedure 12(b)(6). The Court agrees and dismisses those claims with leave to amend. Each Defendant also argues that parts of the SAC are so unclear as to warrant an order for a more definitive statement under Federal Rule of Civil Procedure 12(e). The Court denies both Defendants' 12(e) motions because the deficiencies they identify do not make the complaint, or any cause of action, unintelligible such that Defendants cannot respond.

       Accordingly, the Court grants in part and denies in part Defendants' motions to dismiss.

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS - 1

# I. BACKGROUND[1]

AHR sues Bosley, Hair Club, and Aderans Co., Ltd. ("Aderans") for various forms of trademark infringement. Dkt. No. 69. AHR has a registered trademark for ADVANCED HAIR RESTORATION. *Id.* ¶ 15. AHR also claims common law trademark rights in ADVANCED HAIR RESTORATION, ADVANCED HAIR, and SIMPLE 1 DAY TREATMENT in Washington and across the country. *Id.* ¶¶ 16–17. AHR alleges that Bosley and Hair Club, under the direction of Aderans, use the following phrases in advertisements which are "substantially identical" to AHR's registered and common law trademarks: ADVANCED HAIR RESTORATION (Bosley and Hair Club), ADVANCED HAIR (Bosley and Hair Club), ADVANCED HAIR TRANSPLANT (Bosley), ADVANCED HAIR SOLUTIONS (Bosley), ADVANCE HAIR TREAMTENTS [sic] (Hair Club) and SIMPLE 1 DAY PROCEDURE (Bosley and Hair Club). *Id.* ¶¶ 25–27, 30–32. AHR brings six causes of action: violation of the consumer protection act ("CPA"), federal unfair competition under 15 U.S.C. § 1125(a), trademark infringement under 15 U.S.C. § 1115, counterfeiting under 15 U.S.C. § 1116(d)(1), violation of Washington's anti-dilution law, and violation of federal anti-dilution law. *Id.* ¶¶ 46–86.

On July 10, 2023, AHR sued only Bosley. Dkt. No. 1. Since then, the Court has granted in part and denied in part AHR's motion to dismiss Bosley's counterclaim (Dkt. No. 22), granted a deadline extension (Dkt. No. 27), and granted AHR leave to file a first amended complaint (Dkt. No. 42), which Bosley then moved to dismiss (Dkt. No. 47). The Court then granted AHR's motion to file the SAC to add allegations about Aderans, Hair Club, and SIMPLE 1 DAY TREATMENT. Dkt. No. 66. AHR filed the SAC on June 26, 2024. Dkt. No. 69.

---

[1] The Court assumes for purposes of a motion to dismiss that the facts alleged in the complaint are true. *Edmonson v. City of Martinez*, 17 F. App'x 678, 679 (9th Cir. 2001).

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS - 2

Bosley and Hair Club each moved to dismiss or for a more definite statement. Dkt. Nos. 72, 74. AHR responded to each motion (Dkt. Nos. 80, 81), and Bosley and Hair Club replied (Dkt. Nos. 82, 83).

Due to the significant overlap in briefing, the Court issues one order addressing both motions. And even though Bosley requested oral argument on its motion (Dkt. No. 74), the Court finds oral argument unnecessary. Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument."). Both motions are ripe for the Court's consideration.

## II.   ANALYSIS

Bosley and Hair Club seek dismissal of AHR's fourth, fifth, and sixth causes of action for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). Bosley and Hair Club also seek an order requiring AHR to provide more detail on other causes of action under Federal Rule of Civil Procedure 12(e). The analysis under each part of Rule 12 is different, so the Court will address each request in turn.

**A.    Defendants' Partial Motions to Dismiss for Failure to State a Claim Are Granted.**

1. Legal Standard Under Rule 12(b)(6)

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014).

2. <u>AHR's Anti-Dilution Claims Are Dismissed with Leave to Amend.</u>

The parties agree that to prevail on either the state or federal dilution claim, AHR must show that the infringed mark is "famous and distinctive." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008); Dkt. No. 72 at 3, Dkt. No. 74 at 11, Dkt. No. 80 at 3, Dkt. No. 81 at 4. This is because dilution claims are "reserved for a select class of marks—those marks with such powerful consumer associations that even noncompeting uses can impinge on their value." *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004). To determine whether a mark can be considered "famous," courts consider these factors:

> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.
> (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark.
> (iii) The extent of actual recognition of the mark.
> (iv) Whether the mark was registered….

15 U.S.C. § 1125(c)(2)(A).

Bosley and Hair Club argue that AHR fails to plead the necessary facts to support that any of its marks could be deemed famous. Dkt. No. 72 at 4, Dkt. No. 74 at 11. AHR responds that it sufficiently alleges its marks are famous and that requiring more is an attempt "to improperly conduct discovery through a Rule 12 motion instead of properly serving discovery requests." Dkt. No. 81 at 6. Specifically, AHR argues the allegations below are enough to plead its marks are famous:

- "The Infringed Marks are heavily advertised by Plaintiff AHR and its licensee(s) to their customers." Dkt. No. 69 ¶ 19.

- "The Infringed Marks are recognized by Plaintiff AHR's customers and the customers of its licensee(s) as an indicator of source." *Id.* ¶ 20.

- "The Infringed Marks are famous in the relevant marketplace." *Id.* ¶ 21.

- "AHR is the country's premier provider of medical beauty services, including cosmetic medical procedures and medical services rendered in relation to hair restoration, treatments, and transplants." *Id.* ¶ 14.

*See* Dkt. No. 80 at 5, Dkt. No. 81 at 6.

These allegations are the exact type of insufficient, conclusory statements that courts in the Ninth Circuit dismiss at the pleadings stage. *See, e.g.*, *Melwani v. Amazon.com, Inc.*, No. C21-1329RSM, 2022 WL 670919, at *4 (W.D. Wash. Mar. 7, 2022) (dismissing dilution claim when allegations merely stated the mark "has acquired enormous value, goodwill and marketplace recognition in the United States"); *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 915–16 (N.D. Cal. 2023) (dismissing dilution claim when allegation that plaintiff used the mark for decades did not include any specific facts to "support a plausible inference that [the mark] is widely recognized by the general consuming public"). Along with AHR's threshold failure to plead sufficient facts to show any mark is famous, AHR fails to distinguish the significant case law cited by Bosley and Hair Club, and provides no authority for the proposition that its allegations are sufficient to survive a motion to dismiss. *See* Dkt. No. 80 at 4–5, Dkt. No. 81 at 5–6.

Accordingly, AHR's state anti-dilution claim and federal anti-dilution claim are dismissed, with leave to amend.[2]

3. <u>AHR's Counterfeiting Claim Is Dismissed with Leave to Amend.</u>

"Counterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark." *Boost Beauty, LLC v. Woo Signatures, LLC*, No. 2:18-cv-02960-CAS(Ex), 2019 WL 560277, at *5 (C.D. Cal. Feb. 11, 2019)

---

[2] Because the Court grants Bosley and Hair Club's motion to dismiss these claims, the Court need not consider the alternative argument for a more definite statement of these claims.

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS - 5

(quoting McCarthy on Trademarks and Unfair Competition § 25:10 (5th ed. 2018) (emphasis omitted)). "To plead a counterfeiting claim, a plaintiff must establish (1) a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, where (2) the plaintiff's genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark." *Hsiao & Montano, Inc. v. Xstatic Pro Inc.*, No. CV 21-5430-MWF (EX), 2023 WL 4205811, at *10 (C.D. Cal. May 18, 2023) (citing *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011)). "Put another way, counterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Id.* (quoting McCarthy on Trademarks and Unfair Competition § 25:10).

Bosley and Hair Club argue that AHR's counterfeiting claim should be dismissed because AHR fails to allege facts to show that either Defendant has used an identical or "substantially indistinguishable" version of AHR's ADVANCED HAIR RESTORATION mark. Dkt. No. 72 at 5–6, Dkt. No. 74 at 20–21. AHR responds that the exhibits showing Bosley and Hair Club's use of keyword advertising for ADVANCED HAIR RESTORATION and webpages labeled ADVANCE HAIR TREATMENTS are sufficient at this stage to support a counterfeit claim. Dkt. No. 80 at 5–7, Dkt. No. 81 at 8–10.

AHR's counterfeiting claim is insufficiently pleaded for two reasons. First, none of AHR's exhibits show Defendants' use of the ADVANCED HAIR RESTORATION mark in any capacity. *See* Dkt. Nos. 69-2 (screenshot of Bosley link with "Advanced Hair Transplant"), 69-6 (screenshot of Hair Club link with "Advance Hair Treatments"), 69-7 (screenshot of Bosley link with

"Advanced Hair Solution").[3]  Second, even if AHR had alleged Defendants were using ADVANCED HAIR RESTORATION as a "keyword" for online advertising, such allegations do not support a counterfeiting claim.  *See Hsiao & Montano*, 2023 WL 4205811, at *10 ("The SAC includes allegations that Defendants used Plaintiff's mark in metatags…but these allegations are insufficient to allege a counterfeiting claim."); *Boost Beauty*, 2019 WL 560277, at *7 (finding a counterfeit claim fails as matter of law where the claim hinges on defendants' use of the plaintiff's mark as an internet search term).

AHR does not allege facts on which the Court could find Defendants engaged in counterfeiting.  The counterfeiting claim is dismissed with leave to amend.

**B.     Defendants' Partial Motions for a More Definite Statement Are Denied.**

1. <u>Legal Standard Under Rule 12(e)</u>

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The party seeking a more definite statement must specify "the defects complained of and the details desired." *Id.*  In adjudicating Rule 12(e) motions, courts evaluate the complaint based on Rule 8, which requires a complaint to contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief.  Fed. R. Civ. P. 8(a).

"Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Margarita Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).  "This

---

[3] AHR's authority that "the Ninth Circuit has found that a reasonable jury could find a mark 'nearly identical' where only the first word of the registered mark and the accused mark were the same" did not involve a counterfeiting claim. Dkt. No. 81 at 9 (citing *Jada Toys*, 518 F.3d at 635).

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS - 7

district court has recognized that a Rule 12(e) motion attacks the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Smith v. Assurance IQ, LLC*, No. C21-0823JLR, 2021 WL 5205575, at *2 (W.D. Wash. Sept. 7, 2021) (quotation marks omitted).  If discovery can supply any missing details, a court may deny the motion.  *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010).

      2.  <u>AHR's Allegations of a Common Intent among Defendants Are Sufficiently Clear.</u>

Bosley asks the Court to require AHR to provide a more definite statement "so this Court can determine whether such facts make the inference of a common intent or plan between Hair Club, Bosley, and Aderans plausible and so that Bosley has sufficient information to defend against the claims." Dkt. No. 74 at 19–20.  AHR responds that requiring more specificity of how Aderans "instructed Bosley and Hair Club…at the pleading stage before [the] close of discovery would be improper." Dkt. No. 81 at 8.

Bosley confuses a complaint's lack of sufficient facts, addressed under a 12(b)(6) motion, with a complaint's failure to provide sufficient notice of the claims' substance, addressed by a 12(e) motion.  Bosley contends AHR's allegations of a common intent among Defendants lack sufficient facts, but then requests a remedy under 12(e).  Bosley has not shown the complaint is unintelligible.  Bosley may deny the allegations but a remedy under 12(e) is not appropriate.  *See Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, No. C09-1807RSM, 2011 WL 13232195, at *3 (W.D. Wash. Jan. 4, 2011) (denying Rule 12(e) motion and explaining "each defendant is free to deny as appropriate").

Bosley has not shown it cannot respond to the SAC and its motion for a more definite statement is denied.

### 3. AHR's CPA, Federal Unfair Competition, and Trademark Infringement Claims Are Sufficiently Clear.

Hair Club asks the Court to order "a more definitive statement for Counts I-III because those claims fail to specify which conduct of Hair Club allegedly infringes which trademarks of AHR." Dkt. No. 72 at 2. The Court will address each cause of action in turn.

First, Hair Club argues AHR's CPA claim does not define "service-mark rights." Dkt. No. 72 at 7. AHR responds that the fact section describes its registered and common law trademarks. Dkt. No. 80 at 7 (citing Dkt. No. 69 at 3–4). The Court agrees with AHR that it identifies the marks at issue[4] and that more specificity or a definition of "service-mark rights" is unnecessary to understand the CPA claim.

Second, Hair Club argues the federal unfair competition claim does not identify "which trademark rights [Hair Club] is accused of infringing." Dkt. No. 72 at 7. But the statement of facts specifically identifies Bosley and Hair Club's "Accused Marks" that AHR alleges infringe its "Infringed Marks." Dkt. No. 69 ¶¶ 15–18, 25–26, 31. Reading the complaint as a whole, AHR sufficiently identifies which trademarks it believes have been infringed.

Third, Hair Club argues AHR's registered service-mark infringement claim is unintelligible because the term "Registered Mark" is not defined. Dkt. No. 72 at 8. In the next sentence, Hair Club admits there is only one registered trademark in the SAC. *Id.* By Hair Club's own admission, the infringement claim is not unintelligible.

Hair Club has not shown it cannot respond to the SAC and its motion for a more definite statement is denied.

---

[4] Bosley and Hair Club each created charts that clarify the categories of marks alleged by AHR which demonstrates that the complaint is understandable. *See* Dkt. No. 72-1, Dkt. No. 74 at 7 n.2.

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS - 9

## III. CONCLUSION

Bosley and Hair Club's motions to dismiss are GRANTED IN PART and DENIED IN PART. Dkt. Nos. 72, 74. The Court dismisses the state and federal anti-dilution claims, and the counterfeiting claim. AHR has until November 12, 2024, to amend these claims. Bosley and Hair Club's motions for a more definite statement under Rule 12(e) are denied.

Dated this 22nd day of October, 2024.

Kymberly K. Evanson
United States District Judge