UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BOSLEY INC, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING DEFENDANT HAIR CLUB FOR MEN LTD., INC.'S PARTIAL MOTION TO DISMISS AND DENYING ATTORNEYS' FEES |

Defendant Hair Club for Men Ltd., Inc.'s ("Hair Club") moves to dismiss Plaintiff Advanced Hair Restoration's ("AHR") amended counterfeiting claim because it fails to cure the deficiencies identified in the Court's prior order. Dkt. No. 109. The Court finds AHR's amended counterfeiting claim suffers the same deficiencies identified in its prior claim and AHR's attempt to amend the complaint disregards the Court's prior order. Accordingly, the Court grants Hair Club's motion to dismiss the counterfeiting claim with prejudice but denies Hair Club's request for its attorney's fees.

I.  **RELEVANT BACKGROUND**[1]

AHR sues three Defendants for allegedly working together to violate AHR's common law and registered trademarks. In its second amended complaint, AHR brought a claim for

---

[1] The Court will not detail the entire history of this case, which has yet to advance beyond the pleadings despite 18 months of litigation.

counterfeiting against Hair Club alleging Hair Club's offering of services "under the designations ADVANCED HAIR RESTORATION, ADVANCED HAIR, ADVANCE HAIR [TREATMENTS]" (Dkt. No. 69 ¶ 26) were counterfeit marks "with respect to" AHR's registered trademark (*id.* ¶ 71) of ADVANCED HAIR RESTORATION (*id.* ¶ 15). AHR filed "a true and accurate copy of a photograph of Hair Club's advertisements in February 2024" with its second amended complaint. Dkt. No. 69-6.

The Court granted Hair Club's prior motion to dismiss the counterfeiting claim for two reasons.

> First, none of AHR's exhibits show Defendants' use of the ADVANCED HAIR RESTORATION mark in any capacity. *See* Dkt. Nos. 69-2 (screenshot of Bosley link with "Advanced Hair Transplant"), 69-6 (screenshot of Hair Club link with "Advance Hair Treatments"), 69-7 (screenshot of Bosley link with "Advanced Hair Solution"). Second, even if AHR had alleged Defendants were using ADVANCED HAIR RESTORATION as a "keyword" for online advertising, such allegations do not support a counterfeiting claim.

Dkt. No. 92 at 5–7. The Court granted AHR leave to amend its counterfeiting claim. *Id.* at 7.

AHR amended its counterfeiting claim and its fourth amended complaint now alleges that Hair Club's "Third Accused Marks, including ADVANCED HAIR REPLACEMENT, is a counterfeit mark[.]" Dkt. No. 108 ¶ 71. The "Third Accused Marks" are defined as "spurious designations that are identical with or substantially indistinguishable from [ADVANCED HAIR RESTORATION], including 'ADVANCED HAIR REPLACEMENT'." *Id.* ¶ 28.

Hair Club moves to dismiss the counterfeiting claim in AHR's fourth amended complaint and seeks its attorney's fees incurred in making the motion. Dkt. No. 109. The briefing is complete (Dkt. Nos. 113, 116), and neither party requested oral argument. Thus, the matter is ripe for the Court's consideration.

## II.  ANALYSIS

**A.   Legal Standard**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**B.   AHR's Counterfeiting Claim Against Hair Club Is Dismissed.**

"To plead a counterfeiting claim, a plaintiff must establish (1) a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, where (2) the plaintiff's genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark." *Hsiao & Montano, Inc. v. Xstatic Pro Inc.*, No. CV 21-5430-MWF (EX), 2023 WL 4205811, at *10 (C.D. Cal. May 18, 2023) (citing *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011)). "Put another way, counterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Id.* (quoting McCarthy on Trademarks and Unfair Competition § 25:10).

AHR alleges Hair Club's use of ADVANCED HAIR REPLACEMENT is a counterfeit version of AHR's registered trademark of ADVANCED HAIR RESTORATION. Dkt. No. 108 ¶ 71.  This is the same claim AHR alleged in its second amended complaint, except the alleged counterfeit mark is now ADVANCED HAIR REPLACEMENT, while in the prior version it was ADVANCED HAIR TRANSPLANT. *See* Dkt. No. 69 ¶ 71, Dkt. No. 80 at 6 (AHR's opposition to Hair Club's prior motion to dismiss).  Again, AHR tries to shoehorn confusion to the public

allegations under 15 U.S.C. § 1125(a) into a counterfeiting cause of action to obtain the increased damages available to "hard core" infringement. *See* 15 U.S.C. § 1117. AHR's amended counterfeiting claim fails for the same reasons the Court identified in its previous order. Dkt. No. 92 at 5–7. AHR does not allege any facts to support the claim that Hair Club used the term ADVANCED HAIR REPLACEMENT. *See* Dkt. No. 108-6 (exhibit showing Hair Club's use of "Advanced Hair Treatments"). Further, AHR's only legal authority that ADVANCED HAIR REPLACEMENT could plausibly be "substantially indistinguishable" from ADVANCED HAIR RESTORATION was already explicitly rejected by the Court. *See* Dkt. No. 113 at 5 (citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 635 (9th Cir. 2008)), Dkt. No. 95 at 7 n.3 (rejecting applicability of *Jada Toys* to the counterfeiting context). The claim is now dismissed with prejudice as AHR has shown it cannot cure the deficiencies in its counterfeiting claim.

C.    **Hair Club's Motion for Fees Is Denied.**

Hair Club asks the Court to order AHR to pay the fees incurred for bringing this motion. Dkt. No. 109 at 5–6. But Hair Club's sole authority for such relief is a case awarding fees under Federal Rule of Civil Procedure 11, which requires specific procedures which were not followed here. *Id.* at 6 (citing *Trusdell v. Sw. Cal. Permanente Med. Group*, 209 F.R.D. 169, 176–78 (C.D. Cal. 2002)), Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion …"). If Hair Club seeks its fees under some other statute or rule, it has not provided sufficient analysis for AHR to respond to the request, or for the Court to grant such request. Accordingly, Hair Club's request for an award of fees is denied.

Nevertheless, the Court cannot let AHR's actions go unacknowledged. AHR's amended counterfeiting claim ignores the Court's prior order, repeating, at times word-for-word, arguments this Court already rejected. *Compare* Dkt. No. 80 at 5–7 (opposition to Hair Club's first motion to dismiss)*, with* Dkt. No. 113 at 3–5 (opposition to this motion repeating the same arguments). If

ORDER GRANTING DEFENDANT HAIR CLUB FOR MEN LTD., INC.'S PARTIAL MOTION TO DISMISS AND DENYING ATTORNEYS' FEES - 4

AHR felt the Court's prior order was incorrect, it should have filed a motion for reconsideration under Local Rule 7, but AHR did not do that. Even more, AHR did not respond to Hair Club's written request to clarify the counterfeiting claim or explain how it complied with the Court's prior order. *See* Dkt. No. 109 at 2 (stating AHR did not respond to Hair Club's demand to withdraw the counterfeiting claim). This behavior is inconsistent with the federal and local civil rules and runs afoul of the Court's expectation that all parties and their counsel act professionally and cooperatively.

The Court admonishes AHR that future disregard of Court orders may result in sanctions.

### III.  CONCLUSION

Hair Club's Motion to Dismiss is GRANTED. AHR's counterfeiting claim is dismissed with prejudice.

Dated this 23rd day of January, 2025.

Kymberly K. Evanson
United States District Judge