UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOSLEY INC, et al.,<br><br>Defendants. | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING DEFENDANT ADERANS CO. LTD'S MOTION TO DISMISS |

Advanced Hair Restoration LLC ("AHR") sues Aderans Co., Ltd. ("Aderans") and its subsidiaries for trademark infringement and related actions. Aderans seeks dismissal of the case against it because AHR fails to allege sufficient facts to support Aderans' direct, vicarious, or contributory infringement. Dkt. No. 112. The Court agrees and grants Aderans' motion.

## I. RELEVANT BACKGROUND[1]

AHR sues Aderans for violating the Washington Consumer Protection Act ("CPA"), federal unfair competition under 15 U.S.C. § 1125(a), and trademark infringement. Dkt. No. 108 ¶¶ 47–69.[2] The other defendants, Hair Club for Men Ltd., Inc. ("Hair Club") and Bosley, Inc.

---

[1] The Court will not detail the entire history of this case, which has yet to advance beyond the pleadings despite 18 months of litigation.

[2] During oral argument, AHR agreed that the Court's dismissal of the counterfeiting claim against Hair Club for Men Ltd., Inc. (Dkt. No. 121) also dismissed the counterfeiting claim against Aderans. Dkt. No. 123.

ORDER GRANTING DEFENDANT ADERANS CO. LTD'S MOTION TO DISMISS - 1

"Bosley") are subsidiaries of Aderans. Dkt. No. 112 at 5–6. AHR's allegations pertaining to Aderans are:

- "Further, upon information and belief, there exists a common intent or plan between Defendants Hair Club and Bosley, namely that they are under the direction and control of Defendant Aderans." Dkt. No. 108 ¶ 11.

- Bosley and Hair Club "under Aderans' instruction and control" offered services or advertised services under ADVANCED HAIR RESTORATION, ADVANCED HAIR, ADVANCED HAIR TRANSPLANT, ADVANCED HAIR SOLUTIONS, and/or ADVANCE HAIR TREATMENTS. *Id.* ¶¶ 26, 27, 30, 63–66.

- "On information and belief, Defendant Bosley and Defendant Aderans also offer such services to the public in this judicial district under the designation SIMPLE 1-DAY PROCEDURE or derivatives thereof…." *Id.* ¶ 29.[3]

- "The Fourth Accused Mark as used by Defendant Bosley and Defendant Aderans in their advertising materials is substantially identical to Plaintiff AHR Hair's Second Common Law Mark." *Id.* ¶ 35.[4]

- "On information and belief, Defendant Aderans instructed" Bosley and Hair Club "to copy Plaintiff AHR's business branding…entirely to siphon business from Plaintiff AHR and benefit from the goodwill associated" with AHR's marks. *Id.* ¶¶ 37, 38.

Aderans now moves to dismiss AHR's fourth amended complaint because AHR fails to allege Aderans directly infringed any marks and AHR fails to allege sufficient facts to demonstrate Aderans could be held liable for Bosley or Hair Club's acts under vicarious or contributory liability theories. Dkt. No. 112. The parties completed briefing the motion (Dkt. Nos. 115, 117) and the Court heard oral argument (Dkt. No. 123). The matter is ripe for the Court's consideration.

---

[3] During oral argument AHR confirmed it was not alleging that Aderans directly offered any services under the mark SIMPLE 1-DAY PROCEDURE, but that this allegation was a typographical error. AHR then argued that Aderans instructed Bosley to offer such services.

[4] During oral argument AHR confirmed it was not alleging that Aderans directly advertised any material, but that this allegation was a typographical error. AHR then argued that Aderans instructed Bosley to advertise material.

ORDER GRANTING DEFENDANT ADERANS CO. LTD'S MOTION TO DISMISS - 2

## II. ANALYSIS

### A. Legal Standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. AHR Does Not Allege that Aderans Directly Infringed Any Marks.

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Xcentric Ventures, LLC v. Mediolex Ltd.*, 653 F. App'x 540, 540 (9th Cir. 2016). Aderans argues AHR does not allege "that Aderans itself has used the Accused Marks, or that Aderans has advertised, sold, or rendered any services in connection with the Accused Marks." Dkt. No. 112 at 10. AHR responds that Aderans is liable for the acts of Bosley and Hair Club because, under *U.S. v. Bestfoods*, 524 U.S. 51 (1998), Aderans was "a direct participant in the wrong" and because "Aderans is attempting to use its corporate structure as a shield from direct infringement[.]" Dkt. No. 115 at 4. Each of AHR's theories fails for lack of any supporting allegations.

First, AHR's argument that Aderans was a "direct participant in the wrong" does not identify any allegation of "direct participation." Dkt. No. 115 at 4–5. "[An] alleged infringer must directly use the trademarks; a party that merely facilitates or assists others' use cannot be liable for direct infringement." *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1101 (N.D.

Cal. 2021). To allege Aderans is directly liable for infringement, AHR must allege Aderans, itself, used the infringing marks. *See* 15 U.S.C. § 1114(1) ("Any person who shall, without the consent of the registrant…use…reproduce, counterfeit, copy, or colorably imitate…shall be liable…."). AHR does not make these allegations. And AHR does not provide authority that instructing or directing infringement can be deemed direct participation. *See* Dkt. No. 115 at 4.

Second, AHR's argument that the Court should pierce the corporate veil to hold Aderans liable for the acts of Bosley and Hair Club also lacks citation to the complaint or authority. Dkt. No. 115 at 4. "To pierce the corporate veil and find a parent corporation liable, the party seeking relief must show that there is an overt intention by the corporation to disregard the corporate entity in order to avoid a duty owed to the party seeking to invoke the doctrine." *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, No. C08-1372 RSM, 2010 WL 2079694, at *5 (W.D. Wash. May 20, 2010) (quoting *Minton v. Ralston Purina Co.*, 47 P.3d 556, 562 (2002)), *aff'd*, 447 F. App'x 814 (9th Cir. 2011). AHR merely states in its brief that "Aderans is attempting to use its corporate structure as a shield from direct infringement" but there are no allegations to support such a finding. Dkt. No. 115 at 4. The absence of alleged facts is even more notable in light of the requirement that corporate veil piercing theories generally sound in fraud and need to be pleaded under Rule 9's heightened pleading requirements. *See Hadnagy v. Moss*, No. 2:23-CV-01932-BAT, 2024 WL 1328568, at *6 (W.D. Wash. Mar. 28, 2024) (rejecting allegations made on "information and belief" that merely repeat the elements and associated factors to pierce the corporate veil).

Lastly, AHR asks the Court to rely on a patent law case to find direct liability sufficiently pleaded when "an entity directs or controls others' performance." Dkt. No. 115 at 5 (quoting *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017)). The Court agrees with Aderans that the *Travel Sentry* case involved a unique set of circumstances in patent law "where

ORDER GRANTING DEFENDANT ADERANS CO. LTD'S MOTION TO DISMISS - 4

no single actor performs all steps of a method claim," which does not apply here. *Travel Sentry*, 877 F.3d at 1376.

AHR does not allege any acts by Aderans to support its claim for direct trademark infringement.

### C. AHR's Theories of Secondary Liability Fail for Insufficient Factual Allegations.

AHR has likewise failed to plead sufficient facts to support any theory of secondary liability against Aderans for alleged infringement by Bosley and Hair Club.

1. <u>Vicarious liability</u>

"Vicarious liability for trademark infringement requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) (cleaned up).  AHR's conclusory allegations about Aderans' conduct fall far short. Even if the allegations that Aderans instructed the other Defendants to copy AHR's "business branding" could be deemed factual, this allegation does not allege a partnership-type relationship. AHR does not allege either Bosley or Hair Club had the authority to bind Aderans or that Aderans exercised "joint ownership or control" over any infringing services or products. *Cf. Dunham v. Lei*, No. CV203716DMGMAAX, 2021 WL 4595808, at *8 (C.D. Cal. June 7, 2021) (finding allegations "of Defendants' control over the manufacture, delivery, advertisement, and payment processing for infringing products" sufficient to survive a motion to dismiss a vicarious liability trademark infringement claim). Accordingly, AHR has not sufficiently alleged Aderans can be vicariously liable for the alleged acts of Bosley or Hair Club.

2. Contributory infringement

Contributory infringement can be established in two ways: (1) intentionally inducing the primary infringer to infringe, or (2) "continu[ing] to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Life Alert Emergency Response, Inc. v. LifeWatch, Inc.,* 601 F. App'x 469, 472–73 (9th Cir. 2015). Beyond reiterating its statement that the Court should apply patent law and distinguishing a case relied on by Aderans, AHR does not provide any analysis about how the allegations in the complaint meet either standard. Dkt. No. 115 at 7.

The operative complaint is devoid of any indication that Aderans induced infringement, as opposed to the conclusory allegation that Aderans directed infringing activities, or that Aderans supplies products to Bosley or Hair Club. *See* Dkt. No. 108; *see also Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 983 (N.D. Cal. 2015) (allegations of "willful, deliberate, and inten[tional] interfere[nce]" insufficient to survive a motion to dismiss). Thus, any claim that Aderans engaged in contributory trademark infringement is dismissed.

AHR does not dispute that whether it sufficiently pleaded a trademark infringement claim is determinative of Aderans' liability under the CPA and unfair competition claims. *See* Dkt. No. 112 at 11, Dkt. No. 115; *see also Routt v. Amazon.com, Inc.*, No. C12-1307JLR, 2012 WL 5993516, at *2 (W.D. Wash. Nov. 30, 2012). Accordingly, all causes of action against Aderans are dismissed.

D.   **The Court Denies Leave to Amend.**

The Court has dismissed each claim, whether direct or indirect, against Aderans. While leave to amend is generally granted, the Court has particularly broad discretion to deny such leave when it has previously granted leave to amend. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Not only is this AHR's fourth amended complaint, but AHR was aware of Aderans'

arguments raised in this motion before filing its most recent amended complaint. *See* Dkt. No. 93 (Aderans' October 22, 2024, stricken motion raising the same arguments and authority), Dkt. No. 108 (fourth amended complaint filed November 27, 2024). If AHR could have alleged facts to survive a motion to dismiss, it should have alleged them then. Beyond a boilerplate request for leave to amend, AHR does not explain how any deficiency could be cured on amendment (Dkt. No. 115 at 8) and the procedural history indicates the deficiencies here cannot be cured. Accordingly, the Court denies AHR leave to amend.

### III. CONCLUSION

Aderans' motion to dismiss is granted. Dkt. No. 112. The case against Aderans is dismissed with prejudice. The Clerk is instructed to terminate Aderans as a party.

Dated this 24th day of February, 2025.

Kymberly K. Evanson
United States District Judge