UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOSLEY INC, et al.,<br><br>Defendant(s). | CASE NO. C23-1031-KKE<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE HAIR CLUB'S AFFIRMATIVE DEFENSES |

Plaintiff Advanced Hair Restoration ("AHR") moves to strike Defendant Hair Club for Men Ltd. Inc.'s ("Hair Club") affirmative defense of acquiescence for failing to specifically allege affirmative conduct. Dkt. No. 136. The Court finds that Hair Club's affirmative defense provides fair notice of its claim and the motion to strike is denied. *Id.*

## I. RELEVANT BACKGROUND[1]

This case arises from a trademark dispute between companies in the hair restoration industry. AHR sues Hair Club, among others, for violation of the Washington Consumer Protection Act ("CPA"), federal unfair competition under 15 U.S.C. § 1125(a) (Lanham Act), and trademark infringement of AHR's registered mark ADVANCED HAIR RESTORATION under 15 U.S.C. § 1115. Dkt. No. 108 ¶¶ 47–69. Hair Club answered and alleged five affirmative defenses, including the following affirmative defense of acquiescence:

---

[1] The parties are familiar with the procedural history of this case and the Court will not review it in full in this order.

ORDER ON PLAINTIFF'S MOTION TO STRIKE HAIR CLUB'S AFFIRMATIVE DEFENSES - 1

> AHR's claims are barred by the doctrines of laches, estoppel, and acquiescence. AHR knew that HairClub uses and has used the term "advanced" to refer to its superior hair restoration products and services but AHR neglected to file any action or otherwise object to this use. This delay caused HairClub to use the term "advanced" over a significant period of time because HairClub believed in good faith that the use of such a ubiquitous term was commonplace in the industry and that AHR had no rights to it. AHR also knew that third parties use and have used the term "advanced" to refer to their hair restoration products and services but AHR neglected to file any action or otherwise object to these uses. (See for example, by Bosley, Hair Regen, and Advanced Trichology).

Dkt. No. 132 at 8.

AHR moves to strike Hair Club's affirmative defense of acquiescence. Dkt. No. 136. Hair Club responded (Dkt. No. 138) and AHR replied (Dkt. No. 142). Neither party requested oral argument.

## II.   ANALYSIS

### A.   Legal Standard

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1) (listing examples of affirmative defenses). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (cleaned up). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Tollefson v. Aurora Fin. Grp., Inc.*, No. C20-0297JLR, 2021 WL 462689, at *2 (W.D. Wash. Feb. 9, 2021) (quoting *Kohler v. Islands Rests.*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)).

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v.*

*Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up).  Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits.  *See, e.g., Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018).

B.     **Hair Club's Acquiescence Affirmative Defense Is Sufficiently Pleaded.**

AHR makes two arguments for striking the affirmative defense of acquiescence and both fail.

First, AHR argues that the Court should dismiss this affirmative defense because the Court previously dismissed Defendant Bosley Inc.'s affirmative defense of acquiescence.  Dkt. No. 136 at 3.  The Court did strike Bosley's affirmative defense as too vague when the affirmative defense read: "Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, and/or abandonment because the alleged marks are and have been used by third parties without Plaintiff's objection" (Dkt. No. 11 ¶ 64).  Dkt. No. 22 at 8–9.  Hair Club's affirmative defense on acquiescence is meaningfully more substantive than Bosley's stricken affirmative defense.  Hair Club's affirmative defense provides specific examples of use that AHR allegedly allowed and the impact on Hair Club from such acquiescence.  Hair Club's affirmative defense provides fair notice.  The Court's prior ruling on Bosley's affirmative defense does not apply here.

Second, AHR argues that the affirmative defense must be stricken because Hair Club fails to allege affirmative conduct.  Dkt. No. 136 at 4.  The parties agree that acquiescence requires affirmative conduct (Dkt. No. 138 at 4 n.1) but disagree as to what constitutes affirmative conduct and whether AHR sufficient pleads such conduct (Dkt. No. 136 at 4, Dkt. No. 138 at 5).  The Court finds that Hair Club's affirmative defense of acquiescence provides fair notice to AHR and should not be stricken under Rule 12(f).  *See, e.g., Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc.*,

No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) (denying motion to strike an acquiescence affirmative defense). Because AHR has fair notice of Hair Club's affirmative defense and its remaining arguments go to the merits of the defense, the Court will not strike this affirmative defense. AHR can explore the question of affirmative conduct in discovery. *See Renn v. Otay Lakes Brewery, LLC*, No. 23CV1139-GPC(BLM), 2024 WL 2116056, at *4 (S.D. Cal. May 10, 2024) ("District courts have also recognized that any lack of factual detail in these defenses may be remedied through the formal discovery process, as is done in the vast majority of cases." (cleaned up)).

### III.  CONCLUSION

For these reasons, AHR's motion to strike is DENIED. Dkt. No. 136.

Dated this 22nd day of April, 2025.

_____
Kymberly K. Evanson
United States District Judge