UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC, <br><br> Plaintiff, <br><br> v. <br><br> BOSLEY INC, et al., <br><br> Defendants. | CASE NO. C23-1031-KKE <br><br> ORDER DENYING PLAINTIFF'S MOTION TO DISMISS BOSLEY INC.'S COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES |

Plaintiff Advanced Hair Restoration LLC ("AHR") moves for the second time to dismiss Defendant Bosley, Inc.'s ("Bosley") counterclaim to invalidate AHR's trademark and to strike certain affirmative defenses. Dkt. No. 114. The Court will not consider arguments it has already rejected, which constitute the overwhelming majority of AHR's motion, nor will it entertain an untimely motion for reconsideration.

As to AHR's allegedly "new" bases for attacking Bosley's counterclaim and affirmative defenses, the Court would be well within its discretion to refuse to consider these arguments entirely. AHR has already moved to dismiss or strike these claims and seeks now to do so again on only marginally different grounds. *See* Dkt. No. 14. AHR's motion is not predicated on a change in factual circumstances or a material change to the counterclaim or affirmative defenses asserted. Rather, it appears that AHR just wants another go at issues previously briefed and argued

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS BOSLEY INC.'S COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES - 1

by the parties and largely resolved by this Court. This is not the first time AHR has filed duplicative motions in lieu of a proper motion for reconsideration. *See* Dkt. No. 121.

AHR's approach to this litigation is concerning. As a general matter, this Court's local rules preclude the filing of multiple "contemporaneous" dispositive motions each aimed at a different issue or claim. Local Rules W.D. Wash. LCR 7(e)(3). The purpose of this rule is to promote the efficient resolution of dispositive issues within the Court's word limits. *Delashaw v. Roberts*, No. C18-1850JLR, 2020 WL 2405405, at *2 (W.D. Wash. May 12, 2020) ("The purpose of Local Rule LCR 7(e)(3) is to avoid the inefficiencies caused by duplicative dispositive motions and circumvention of the court's page limits." (cleaned up)). In this Court's view, another interest served by this rule is to enable an opposing party to address all the bases on which a claim is attacked at one time.[1] Here, while AHR did not file "contemporaneous" motions as prohibited by the Rule, AHR did file successive dispositive motions directed at the *same claims*, repeating arguments previously rejected as well as belatedly raising slightly different legal theories. This practice generates the same inefficiencies that LCR 7(e)(3) seeks to avoid. As Bosley points out, it is AHR who filed this case nearly two years ago but has yet to meaningfully move the case toward resolution on the merits, and has instead taken steps that have impeded any modest progress in that direction.

Nonetheless, considering this Court's preference for resolution on the merits, and in the hopes that doing so may finally nudge this case past the pleading stage, the Court will briefly detail: 1) why the majority of AHR's motion is barred by the law of the case; and 2) why the "new" arguments set forth in AHR's motion fail. On account of both reasons, the motion is denied.

---

[1] While the Court acknowledges that there may be circumstances in which successive dispositive motions advancing different legal theories may be appropriate, no such circumstances are presented here.

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS BOSLEY INC.'S COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES - 2

# I.  RELEVANT BACKGROUND[2]

This case arises from a trademark dispute between companies in the hair restoration industry. AHR sues Bosley for violation of the Washington Consumer Protection Act ("CPA"), federal unfair competition under 15 U.S.C. § 1125(a) (Lanham Act), and trademark infringement of AHR's registered mark ADVANCED HAIR RESTORATION under 15 U.S.C. § 1115. Dkt. No. 108 ¶¶ 47–69. AHR attaches to its fourth amended complaint various exhibits including: (1) AHR's December 8, 2022 cease and desist letter to Bosley (Dkt. No. 108-3), and (2) the January 9, 2023 response letter from Bosley's counsel to AHR's counsel (Dkt. No. 108-4).

Bosley's response to the fourth amended complaint includes a counterclaim for invalidity of AHR's registered trademark and twelve affirmative defenses. Dkt. No. 111 at 15–20.

As noted above, there has been significant briefing on the pleadings in this matter which the Court need not review in full, but relevant here is the Court's order on AHR's first motion to dismiss Bosley's counterclaim and affirmative defenses. Dkt. No. 22. Bosley's answer to AHR's initial complaint (Dkt. No. 1) included a counterclaim for invalidity and fourteen affirmative defenses. Dkt. No. 11 at 7–13. AHR moved to dismiss Bosley's counterclaim and to strike each of Bosley's affirmative defenses (Dkt. No. 14). The Court held oral argument on the motion (Dkt. No. 20) and entered an order denying AHR's motion to dismiss and striking two of Bosley's affirmative defenses (Third Party Use/Abandonment and Fair Use). Dkt. No. 22.

AHR now again moves to dismiss Bosley's invalidity counterclaim and to strike five of Bosley's affirmative defenses: unclean hands, estoppel, bad faith, misuse/antitrust and not famous. Dkt. No. 114. Bosley has responded (Dkt. No. 134) and AHR replied (Dkt. No. 144). Neither party requested oral argument. The matter is ripe for the Court's consideration.

---

[2] The parties are familiar with the procedural history of this case and the Court will not review it in full in this order.

## II. ANALYSIS

**A.    The Law of the Case Doctrine Bars Most of AHR's Motion.**

"The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)).  This doctrine bars nearly all of the arguments made in AHR's motion.

As to Bosley's counterclaim, the Court previously held it should not be dismissed because the first legal theory (confusingly similar) did not fail as a matter of law and the second legal theory (generic or descriptive) was sufficiently pleaded.  Specifically, the Court ruled that Bosley's January 2023 letter, which AHR attached to its complaint, was incorporated into the pleadings and provided sufficient facts to support its counterclaim of invalidity under Bosley's second legal theory.  Dkt. No. 22 at 6–7.  At the hearing on AHR's first motion to dismiss, AHR "agreed that Bosley's response letter had become a part of the pleadings by virtue of its attachment to and reference in the complaint." *Id.* at 6.  To the extent AHR reconsidered its position on the import of the January 2023 letter, it could have moved for reconsideration under Local Rule 7(h).  It did not do so.

Bosley's present counterclaim for invalidity in response to the fourth amended complaint is substantively identical to its earlier counterclaim.  *Compare* Dkt. No. 11 at 9–13, *with* Dkt. No. 111 at 17–22.  And AHR's fourth amended complaint, again, attaches the January 2023 letter from Bosley as an exhibit.  Dkt. No. 108-4.  Thus, the Court's prior ruling that Bosley's counterclaim for invalidity based on AHR's trademark being generic or descriptive was sufficiently pleaded is the law of the case and AHR's attempt to reconsider it now is denied.

With regard to the affirmative defenses, the Court's prior order also ruled that Bosley's unclean hands, estoppel, bad faith, and misuse/antitrust defenses were sufficiently pleaded. Dkt. No. 22 at 9–10. The Court also held that the "not famous" defense was "material and pertinent." *Id.* at 9.[3]

In the pending motion, AHR again asks the Court to strike these affirmative defenses for the allegedly new reason that they are "impertinent and immaterial." Dkt. No. 114 at 9–13. But AHR's "impertinent and immaterial" arguments for striking the affirmative defenses of estoppel and bad faith are substantively "insufficient fact" arguments, which the Court has already ruled on. AHR's arguments in its pending motion make this plain:

- Estoppel: "Bosley fails to set forth facts"; "defense is material and pertinent only if Defendant Bosley pleads sufficient facts"; "Bosley does not allege facts related to the affirmative defense of estoppel" (Dkt. No. 114 at 10).

- Bad Faith: "Bosley fails to set forth facts"; "Bosley also fails to set forth facts"; "Bosley further fails to set forth facts" (*id.* at 11).

The Court addressed these precise arguments in its prior order on AHR's first motion to dismiss. Dkt. No. 22 at 9–10. Thus, the law of the case on the sufficiency of the estoppel, bad faith, and not famous defenses has been established and will not be reconsidered.

Accordingly, the Court will only consider AHR's arguments that were not previously adjudicated, namely, whether Bosley's first theory of invalidity is sufficiently pleaded, and whether Bosley's affirmative defenses of unclean hands and misuse/antitrust violation are material or pertinent to the case.

---

[3] AHR's argument that the "Court has not ruled on whether this affirmative defense is immaterial and impertinent" ignores the plain language of the Court's order. Dkt. No. 114 at 13.

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS BOSLEY INC.'S COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES - 5

**B.      Bosley's Counterclaim is Sufficiently Pleaded.**

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept all facts alleged in the complaint as true and make all inferences in the light most favorable to the non-moving party. *In re Fitness Holdings, Int'l, Inc.*, 714 F.3d 1141, 1144–45 (9th Cir. 2013).

AHR argues that Bosley fails to allege sufficient facts to support its invalidity counterclaim on the basis of confusion. Dkt. No. 114 at 5–6. AHR relies on *Hibbler v. Sewell*, No. C14-1969 MJP, 2015 WL 1599660 (W.D. Wash. Apr. 9, 2015), which is distinguishable. Dkt. No. 114 at 6; Dkt. No. 144 at 3.[4] In that case, there were no allegations the marks in dispute occurred in the same industry. *Hibbler*, 2015 WL 1599660, at *2 ("Ms. Hibbler has alleged no facts from which the Court can infer it is plausible that the goods and/or services offered by Defendants are similar to the goods and/or services that Ms. Hibbler promotes or offers under the 'Sober Solutions'

---

[4] In December 2023, a draft order was posted briefly in this matter as the result of a clerical error. The erroneous order was removed from the docket as soon as the error was discovered and replaced with the correct final order. Yet in its reply brief in support of the present motion, filed in April 2025, AHR cited the erroneous order and included screenshots of comments by a law clerk in the draft. The Court administratively sealed AHR's reply brief under Federal Rule of Civil Procedure 5.2(e) and ordered AHR to file a redacted version. Dkt. No. 143. The Court found good cause and compelling reasons to seal the screenshot because such internal draft judicial documents are not subject to public review. *See, e.g.*, *Hernandez v. Filson*, No. 3:09-cv-00545-LRH-WGC, 2017 WL 11712652, at *3 (D. Nev. Oct. 31, 2017) (replacing incorrect document filed due to clerical error and sealing erroneous order). AHR's decision not only to refer to this obviously erroneous draft, but to include in its reply brief a screenshot with the law clerk's full name, reflects a serious lack of judgment. Substantively, AHR's argument that this comment is persuasive to the Court is wrong; the draft order is not citable authority and certainly did not "invite" AHR to file this duplicative motion.

mark."). In contrast, AHR's fourth amended complaint alleges the parties participate in the same industry and that Bosley is "siphoning" AHR's business. Dkt. No. 108 ¶¶ 37, 38; *see also* Dkt. No. 108-3 at 2 (AHR's cease and desist letter stating both AHR and Bosley are in the hair loss and hair transplant business). Moreover, the Court already found: "When comparing AHR's Trademarks and Bosley's Trademarks as a whole, it is possible that consumers could be confused between 'ADVANCED HAIR' or 'ADVANCED HAIR RESTORATION' and 'THE ART AND SCIENCE OF HAIR RESTORATION' and 'THE WORLD'S MOST EXPERIENCED HAIR RESTORATION.'" Dkt. No. 22 at 5. In sum, the Court finds Bosley's counterclaim for invalidity based on confusion is sufficiently pleaded. *See Universal Prot. Serv., LP v. Coastal Fire & Integration Sys., Inc.*, No. 22-CV-1352-JES-KSC, 2023 WL 4042582, at *4–5 (S.D. Cal. June 15, 2023) (finding allegations sufficient on a motion to dismiss and collecting cases emphasizing "[t]his fact intensive inquiry is often not appropriate at the motion to dismiss stage").

The motion to dismiss Bosley's counterclaim is denied.

**C.    Bosley's Affirmative Defenses Are Material.**

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up). Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on

the merits.  *See, e.g., Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018).

First, AHR seeks to strike Bosley's affirmative defense of "unclean hands":

> Plaintiff's claims are barred, in whole or in part, by Plaintiff's own unclean hands and wrongful conduct because Plaintiff knowingly engaged in conduct with anticompetitive effects with no legitimate business purpose including by filing intent to use trademark applications for generic terms and phrases it knows Bosley and other competitors are, and have been using, for the purpose of preventing its competitors from using generic words and phrases to describe their services and because, upon information and belief, Plaintiff knowingly infringed Bosley's rights in its copyrighted works and registered trademarks

Dkt. No. 111 ¶ 79.  AHR argues that Ninth Circuit case law precludes an unclean hands affirmative defense when Bosley fails to explain how the alleged misconduct is related to the trademarks at issue here.  Dkt. No. 114 at 9–10 (citing *Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347 (9th Cir. 1963)).  This argument and case law is repeated word-for-word from AHR's first motion to strike (Dkt. No. 14 at 13), which the Court denied (Dkt. No. 22 at 9).[5]  To be clear, Bosley's allegation of unclean hands is directly responsive to AHR's trademark infringement claims by arguing AHR's trademarks were filed with no legitimate purpose and should not be enforced.  AHR also objects to Bosley's reference to "intent to use" trademark applications which AHR posits are not at issue here.  Dkt. No. 114 at 9.  Certainly, AHR's prior applications on the same or similar trademarks would be relevant to this infringement case.  *See* Dkt. No. 108-4 at 9–10 (describing AHR's "prosecution history").  Thus, Bosley's affirmative defense of unclean hands is material.

---

[5] The Court has already admonished AHR for "repeating, at times word-for-word, arguments this Court already rejected." Dkt. No. 121 at 4.  Because AHR's motion was filed before this warning, the Court does not take further action on this pattern of wasteful briefing but reiterates that "future disregard of Court orders may result in sanctions." *Id.* at 5.

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS BOSLEY INC.'S COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES - 8

Second, AHR moves to strike Bosley's affirmative defense of trademark misuse:

> Plaintiff has used its asserted trademarks in violation of antitrust laws by, among other things, seeking to register with the USPTO marks that are confusingly similar to Defendant's incontestable marks and seeking to obtain a monopoly on the use of generic and/or descriptive phrases.

Dkt. No. 111 ¶ 85. AHR argues such a defense is only appropriate when "denying a dealer the right to use a mark unless the dealer consented to engage in illegal restraints and conditions." Dkt. No. 114 at 12 (citing *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 298 F. Supp. 1309 (S.D.N.Y. 1969)). The *Zeiss* case did not so limit this defense but instead held the party invoking the defense must "demonstrate that the trademark, as distinguished from collateral activities with respect to goods bearing the trademark, was itself being used as the prime and effective instrument to effectuate the antitrust activity." 298 F. Supp. at 1314. This is precisely what Bosley alleges. Lastly, AHR argues that "[i]f this affirmative defense is interpreted as alleging fraud[,]" Bosley fails to plead sufficient facts under Rule 9(b). Dkt. No. 114 at 12. AHR fails to provide authority that this defense sounds in fraud. *Id.* Bosley's affirmative defense of trademark misuse is material.

AHR's motion to strike Bosley's affirmative defenses is denied.

### III.  CONCLUSION

AHR's motion to dismiss Bosley's counterclaim and strike Bosley's affirmative defenses is DENIED. Dkt. No. 114.

Dated this 24th day of April, 2025.

Kymberly K. Evanson
United States District Judge