UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOSLEY INC, et al.,<br><br>Defendants. | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING LEAVE TO FILE FIFTH AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff Advanced Hair Restoration LLC's ("AHR") motion for leave to file a fifth amended complaint to add allegations regarding (1) AHR's registration of the trademark SIMPLE 1 DAY TREATMENT, and (2) Defendant Bosley Inc.'s ("Bosley") allegedly new infringement of AHR's common law mark NO SHAVE FUE. Dkt. No. 145; *see also* Dkt. No. 145-2 (redline between fourth and fifth amended complaints[1]). Neither defendant opposed the motion.

I. ANALYSIS

The deadline to amend the pleadings was June 3, 2024. Dkt. No. 149. This motion, filed on April 22, 2025, is untimely and accordingly must meet Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard for amending a scheduling order and Rule 15's more lenient

---

[1] The redlined fifth amended complaint demonstrates additional changes, including (1) removing the dismissed defendant, Aderans Co., Ltd.; (2) removing the dismissed claim for counterfeiting; and (3) removing the January 9, 2023 letter between Bosley and Advanced Hair as an exhibit. Dkt. No. 145-2.

ORDER GRANTING LEAVE TO FILE FIFTH AMENDED COMPLAINT - 1

standard for amending a complaint. *Siliga v. Deutsche Bank Nat. Tr. Co.*, 637 F. App'x 438, 440 (9th Cir. 2016).

A.	**Rule 16 Supports Granting AHR Leave to Amend.**

Under Rule 16, a party must show "good cause" for an amendment to justify modifying the case scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The record supports that AHR acted diligently to make both categories of amendments.

First, AHR adds factual allegations and a cause of action for registered trademark infringement for the mark SIMPLE 1 DAY TREATMENT. AHR had previously alleged SIMPLE 1 DAY TREATMENT as a common law mark. AHR argues it has acted with diligence because the SIMPLE 1 DAY TREATMENT mark was only registered on April 8, 2025, so allegations regarding its registration could not have been made earlier. Dkt. No. 145 at 3, Dkt. No. 146-1. The Court finds good cause to allow leave to amend the complaint for claims arising from the registered trademark SIMPLE 1 DAY TREATMENT.

Second, AHR adds factual allegations and causes of action under the Washington Consumer Protection Act and the Lanham Act about Bosley's alleged infringement of AHR's common law mark in NO SHAVE FUE. Dkt. Nos. 145, 145-2. AHR argues the allegation of new infringement was "discovered only the prior week." Dkt. No. 145 at 3 (citing Dkt. No. 146 ¶ 4, Dkt. No. 146-3). The March 31, 2025 screenshot provided in support of AHR's motion shows a Bosley advertisement stating "Discover Our NEW Shave-Free FUE[.]" Dkt. No. 146-3. Though the record with respect to AHR's diligence on this point is thin, without any evidence or argument to the contrary, the Court has no choice but to accept AHR's allegation that this alleged

infringement is in fact "new" and could not have been discovered earlier. Accordingly, the Court narrowly finds good cause under Rule 16 to modify the case schedule and permit AHR's motion to amend.

**B.     Rule 15 Supports Granting Leave to Amend.**

If a party meets its burden to show good cause to modify the case schedule under Rule 16, it must then demonstrate that amending the pleading is proper under Rule 15. *See Johnson*, 975 F.2d at 608. "Courts consider five factors in assessing whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading." *Castro v. Talcott Resol. Life Ins. Co.*, No. C24-5472JLR, 2025 WL 1360365, at *2 (W.D. Wash. May 9, 2025) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). The Court need not apply all five factors in making its decision. *Id.* Due to the good cause identified above, and defendants' lack of opposition or evidence of prejudice, the Court will permit amendment under Rule 15. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (explaining the Court need not consider every factor, and "prejudice to the opposing party[] carries the greatest weight."). The parties are cautioned that future requests for amendment are unlikely to be granted.

## II.     CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion to file a fifth amended complaint. Dkt. No. 145. Plaintiff shall file the fifth amended complaint (Dkt. No. 145-3) by May 27, 2025.

Dated this 23rd day of May, 2025.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge

ORDER GRANTING LEAVE TO FILE FIFTH AMENDED COMPLAINT - 3