UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>               Plaintiff,<br>   v.<br><br>BOSLEY INC, et al.,<br><br>               Defendants.<br><br>BOSLEY INC, et al.,<br><br>               Counter-Claimants,<br>   v.<br><br>ADVANCED HAIR RESTORATION LLC,<br><br>               Counter-Defendant. | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION TO SEAL |

      This matter comes before the Court on Plaintiff's unopposed motion to seal portions of its answer to Defendant Hair Club for Men, Ltd.'s ("Hair Club") counterclaim and two of the exhibits to that answer. Dkt. No. 161. Redacted copies of the answer and exhibits are on the public docket. Dkt. Nos. 164–65.

ORDER GRANTING UNOPPOSED MOTION TO SEAL - 1

## I. RELEVANT FACTS

On May 15, 2025, the Court entered a stipulated protective order between Plaintiff and Hair Club, which defined as confidential material "sensitive financial and business information that is not publicly known but does not constitute a trade secret." Dkt. No. 153 at 2. The protective order also defines "Confidential – Attorney's Eyes Only" material as

> sensitive information the receipt of which by the receiving party in this litigation would provide an unfair competitive advantage including but not limited to sales, revenue, expense, financial data, customer lists, formulas, compilations, programs, devices, methods, techniques, processes, research and development or any other information that is not publicly known and that derives independent economic value, actual or potential, from not being generally known.

*Id.* The parties met and conferred regarding filing these documents under seal and this motion is unopposed. Dkt. No. 161 at 3.

## II. ANALYSIS

1. <u>Legal standard</u>

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For most judicial records, a party seeking to seal "bears the burden of overcoming this strong presumption by meeting the *compelling reasons* standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (cleaned up) (emphasis added). If the court decides to seal certain records, "it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

A compelling reason to seal court records may exist when they could become "a vehicle for improper purposes," such as being used to release trade secrets. *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Compelling reasons may also exist "if sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing." *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (cleaned up).

Under the local rules of this District, a party filing a motion to seal is required to provide

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3)(B).

2. <u>There are compelling reasons to seal the unredacted answer and exhibits.</u>

The two exhibits Plaintiff seeks to seal are settlement agreements between Plaintiff and third parties arising from prior litigation. Plaintiff also seeks to redact approximately one dozen lines from its answer to Hair Club's counterclaim that describe the content of the settlement agreements.[1] Courts have found compelling reasons to seal settlement agreements and references to their terms. *See Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 WL 1911502, at *4 (S.D. Cal. Apr. 20, 2020) (collecting cases). The Court agrees that there are compelling reasons to maintain the unredacted versions of these documents under seal.

---

[1] There are two additional redactions in Plaintiff's exhibit 4 to its answer. Dkt. No. 165-4 at 9. This exhibit is a motion for default judgment from a pending case in this District wherein Plaintiff's request to allow such redactions is still pending. *See Advanced Hair Restoration LLC v. Parsa Mohebi MD Inc.*, No. 2:24-cv-01008-JNW, Dkt. No. 13 (W.D. Wash. filed May 19, 2025).

ORDER GRANTING UNOPPOSED MOTION TO SEAL - 3

### III.  CONCLUSION

For these reasons, the Court GRANTS Plaintiff's unopposed motion to seal the unredacted documents at docket numbers 166 and 167.  Dkt. No. 161.

Dated this 30th day of June, 2025.

Kymberly K. Evanson
United States District Judge