UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BOSLEY INC, et al.,<br><br>　　　　　　Defendants. | CASE NO. C23-1031-KKE<br><br>ORDER ON JOINT DISCOVERY STATEMENT |

This matter comes before the Court on the parties' September 30, 2025 joint discovery statement. Dkt. No. 169. Plaintiff Advanced Hair Restoration LLC ("AHR") refused to respond to thirteen of Defendant HairClub's ("HairClub") nineteen interrogatories, claiming HairClub exceeded the 25-interrogatory limit. *Id.* at 2. Specifically, AHR argues that HairClub's first set of nineteen interrogatories counts as "at least 146 total interrogatories" because each interrogatory asked about four asserted trademarks or five accused uses. *Id.* at 3–4, 31, 68. HairClub counters that AHR's unclear pleading and email communications regarding the scope of its claims in this lawsuit requires the inquiry into the separate marks and uses. *Id.* at 2 (citing AHR emails which inconsistently identified the number of allegedly infringing marks). HairClub also argues that, as a practical matter, counting each interrogatory as more than one because more than one mark is involved would quickly swallow the 25-interrogatory limit imposed by Federal Rule of Civil Procedure 33 in a lawsuit involving multiple allegedly infringing marks and uses. *Id.* at 3.

ORDER ON JOINT DISCOVERY STATEMENT - 1

According to HairClub, such formulistic counting would preclude HairClub from discovering the basis for AHR's claims or require multiple burdensome requests to the Court for additional interrogatories. AHR counters that the Court previously limited AHR's multi-part interrogatories, and therefore HairClub should be similarly limited.

The Court held a conference on the discovery dispute on October 6, 2025. At that conference, AHR confirmed it was not lodging substantive objections to HairClub's interrogatories, but that its objection was solely "about counting." Accordingly, this Order only addresses that issue, and the parties are directed to meet and confer to address any additional issues that remain.

Under Federal Rule of Civil Procedure 33 "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Discrete subparts" within an interrogatory thus count as separate interrogatories when determining whether a party has exceeded the 25-interrogatory limit. *Id.* "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)).

As noted above, this Court has previously addressed a Rule 33 dispute in this case. *See* Dkt. No. 86. AHR argues that the Court's prior order requires that each of HairClub's interrogatories be divided into subparts and counted individually, based on each of the four asserted marks and the five accused uses. Dkt. No. 169 at 4. For the reasons detailed below, the Court disagrees.

ORDER ON JOINT DISCOVERY STATEMENT - 2

First, AHR clarified at the hearing that the operative complaint concerns only two infringing marks. AHR agreed that this clarification would reduce by at least half the number of alleged interrogatories at issue in this dispute.

Second, the Court disagrees that its prior order compels separate counting of each of HairClub's interrogatories. In that order, the Court began with the rule: "[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Rabel v. Univ. of Washington Med. Ctr.*, No. C23-0083JLR, 2024 WL 197370, at *4 (W.D. Wash. Jan. 18, 2024). AHR's interrogatories 8, 10, and 12 asked about multiple separate phrases within single interrogatories. For instance, interrogatory 8 asked about the "date and circumstance of Defendant becoming aware of Plaintiff's use of[:]" "ADVANCED HAIR RESTORATION;" "ADVANCED HAIR;" "ADVANCED FUE;" "SIMPLE 1-DAY PROCEDURE;" "SIMPLE 1-DAY TREATMENT;" and "NO SHAVE FUE." Dkt. No. 76-1 at 18. The Court explained that because "[e]ach phrase is its own inquiry, [] this interrogatory is appropriately counted as six interrogatories." Dkt. No. 86 at 3. In other words, AHR's interrogatories 8, 10, and 12, as drafted, created separate inquiries by introducing multiple terms without showing how those terms were logically or factually related. Unlike those interrogatories, HairClub's interrogatories seek information that is logically and factually related to groups of terms that HairClub has defined in the context of the operative complaint and the applicable law.

Further undercutting AHR's position, in the prior order, this Court counted AHR's interrogatories 6 and 7 as one interrogatory each despite their inquiry into a potentially large number of phrases. In interrogatory 6, AHR requested information about use of the term "ADVANCED and each phrase used by Defendant that includes the term ADVANCED[.]" Dkt. No. 76-1 at 14. AHR requested similar information about market research about the term

ORDER ON JOINT DISCOVERY STATEMENT - 3

"ADVANCED or phrases that include the term ADVANCED" in interrogatory 7.  Dkt. No. 76-1 at 16.  Unlike interrogatories 8, 10, and 12, the Court treated each of these as a single interrogatory.  *See* Dkt. No. 86 at 3.  In other words, the Court has also allowed AHR to ask about a group of logically related terms within a single interrogatory.[1]

Crucially, AHR "has not demonstrated 'that a particular subpart of a particular interrogatory introduces a separate and distinct line of inquiry from the one that precedes it[.]'" *Rabel*, 2024 WL 197370, at *6 (quoting *Homesite Ins. Co. of the Midwest v. Howell*, No. C21-01389JHC, 2022 WL 17601176, at *3 (W.D. Wash. Dec. 13, 2022)).  Rather, AHR's objections are global in scope and untethered to particular requests.  Thus, the Court overrules AHR's objections to the number of HairClub's interrogatories.  *See Rabel*, 2024 WL 197370, at *6 (explaining "the party opposing discovery … bears the burden of explaining its objections").

AHR is ordered to amend its answers to HairClub's interrogatories by November 6, 2025.

Dated this 7th day of October, 2025.

Kymberly K. Evanson
United States District Judge

---

[1] Moreover, as the Court observed at the hearing, AHR could have sought additional interrogatories if it believed the Court's prior order unduly restricted its ability to engage in discovery.  It did not do so.

ORDER ON JOINT DISCOVERY STATEMENT - 4