UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADVANCED HAIR RESTORATION LLC,

                    Plaintiff(s),

    v.

BOSLEY INC, et al.,

                    Defendant(s).

CASE NO. C23-1031-KKE

ORDER ON MOTION TO EXTEND
DISPOSITIVE MOTION DEADLINE AND
CONTINUE TRIAL DATE AND
PRETRIAL DEADLINES

This matter is now before the Court on AHR's motion to continue the case schedule by "at least 30 days (and preferably 60 days)." Dkt. No. 213. The motion has been fully briefed and is ripe for decision. Dkt. Nos. 213, 217, 218, 220. For the reasons below, the Court will grant AHR's motion to continue the case schedule, but will limit the continuance to 30 days.

In January 2026, after granting Plaintiff Advanced Hair Restoration LLC's ("AHR") motion to continue the case schedule (Dkt. No. 182), the Court set this case for a 10-day jury trial to begin on December 7, 2026. Dkt. No. 183. The parties have since lodged multiple discovery disputes that are generally related to searches of third-party (e.g., Meta, Google) advertising data (Dkt. Nos. 184, 187, 191, 192, 193, 194, 195, 196) on which the Court previously held a discovery conference. Dkt. No. 197. At the discovery hearing, AHR expressed some willingness to narrow its discovery requests. Accordingly, the Court ordered the parties to further meet and confer, and

ORDER ON MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE AND CONTINUE TRIAL DATE AND PRETRIAL DEADLINES - 1

directed Defendants Bosley Inc. and Hair Club for Men Ltd. to file formal discovery motions by March 27, 2026 if the parties could not resolve the dispute among themselves.  Dkt. No. 197.

On March 24, 2026, then-counsel for AHR, attorneys at Bamert Regan PLLC, filed a motion to withdraw from representation of AHR, citing "irreconcilable differences" between the firm and the client. Dkt. No. 200 at 1.  According to the Bamert Regan attorneys, those differences led the firm to terminate AHR as a client.  *Id.*  Less than one week later, the attorneys of Lowe Graham Jones PPLC appeared for AHR.  Dkt. Nos. 206, 207.  The Bamert Regan attorneys subsequently withdrew.  *See* Dkt. No. 215.

While AHR underwent a change in representation, on March 27, 2026, Defendants filed two discovery motions: a joint motion for a protective order and a joint motion to quash subpoenas. Dkt. Nos. 203, 204.  On April 13, 2026, less than two weeks after appearing in the case, AHR's new counsel responded to Defendants' motions, indicating that AHR agreed to narrow its discovery requests, and that the pending discovery motions were moot. Dkt. No. 212.  Defendants filed their reply, agreeing with AHR's representation that the disputes had been resolved and that the motions were indeed moot.  Dkt. No. 216.  Accordingly, the Court denied as moot the motion for protective order and motion to quash.  Dkt. No. 219.

Under Federal Rule of Civil Procedure 16(b)(4), a case "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good cause" to modify a case schedule exists where deadlines cannot be followed despite diligence on the part of the party requesting the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

ORDER ON MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE AND CONTINUE TRIAL DATE AND PRETRIAL DEADLINES - 2

The Court agrees with AHR that, since appearing, new counsel has worked diligently to advance the case and resolve the pending discovery disputes, as summarized above. *See* Dkt. No. 213 at 4, Dkt. No. 214 ¶ 7. According to AHR, it has narrowed the pending discovery requests, and while Hair Club has agreed to produce additional documents in response to the narrowed RFPs, those productions remain pending. Dkt. No. 213 at 5. Moreover, all parties are working to schedule depositions. *Id.* Thus, according to AHR, despite its efforts to streamline the case, the current case schedule's expert report deadline of May 11, 2026, and accompanying case deadlines, are "unrealistic." *Id.* at 6. Based on these circumstances, AHR asserts that there is good cause to continue the case schedule by at least 30 days.[1] *Id.*

Defendants generally argue that the diligence inquiry turns on whether the party, i.e., AHR, and not retained counsel, was diligent. Dkt. No. 217 at 3. Defendants also assert that, when AHR's new counsel undertook this case, he "presumably knew or should have known about the trial schedule before agreeing to the representation," undermining that good cause exists. Dkt. No. 217 at 4 (quoting *Jha v. Chicago Title Ins. Co.*, 2:23-CV-00584, 2025 WL 1397082, at *1 (W.D. Wash. May 14, 2026)). Finally, Defendants charge that "AHR seeks this extension for tactical reasons, including to develop expert testimony from experts it had never previously identified." Dkt. No. 217 at 4. Defendants do not cite any particular prejudice they will face in light of a continuance, but observe that this lawsuit has been exorbitantly expensive to defend against. Dkt. No. 217 at 5. Defendants therefore ask the Court to deny AHR's motion, or, in the alternative, extend the case schedule by only 14 days. Dkt. No. 217.

---

[1] Counsel for AHR additionally notes he has a 10-day trial beginning on June 15, 2026. Dkt. No. 214 ¶ 15. The Court agrees with Defendants that this particular fact does not support finding good cause, as counsel "presumably knew" about the case schedule in this matter when he agreed to represent AHR. *Jha v. Chicago Title Ins. Co.*, 2:23-CV-00584, 2025 WL 1397082, at *1 (W.D. Wash. May 14, 2026).

ORDER ON MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE AND CONTINUE TRIAL DATE AND PRETRIAL DEADLINES - 3

This is an admittedly close call.  While the Court appreciates and shares Defendants' concerns regarding the protracted nature of this lawsuit, in this case, unlike the cases on which Defendants rely, AHR did not elect to retain new counsel.  For instance, in *Jha*, the court denied a motion to continue the case schedule where the plaintiffs had sought to replace counsel for approximately nine months, as the "mere preference to add inexperienced co-counsel at the eleventh hour provides no basis for further delay."  2025 WL 1397082, at * 1.  Here, in contrast, Bamert Regan terminated AHR as a client.  Dkt. No. 200 at 1.[2]  Despite this seemingly sudden breakdown in the attorney-client relationship, AHR expeditiously retained new counsel, and has since narrowed its discovery requests to resolve several long-running disputes.

The Court also rejects Defendants' argument that it should deny the motion for continuance because AHR seeks to extend the schedule for tactical reasons.  Dkt. No. 217 at 4.  First, while Defendants cite cases which generally stand for the proposition that a change of counsel "does not entitle a party to attempt to undo the strategic choices made by the party's prior counsel," (Dkt. No. 217 at 4) those cases do not foreclose finding good cause where there has been a substitution of counsel.  *See, e.g.*, *Park v. Fox*, 3:24-CV-3072-S-BN, 2025 WL 2307680, at *2 (N.D. Tex. Aug. 11, 2025) (observing that "a prior counsel's actions or inactions might perhaps give rise to good cause for amending a scheduling order.").  Here, AHR's new counsel has been diligent in facilitating the resolution of disputes that have plagued the parties in this case for a considerable amount of time.  *See* Dkt. No. 184.  Moreover, the need for a continuance appears to have stemmed, at least in part, from AHR's agreement to narrow its requests for production which has resulted in the production of new documents.  *See* Dkt. No. 213 at 11.  Moreover, as noted above, AHR did

---

[2] This finding is based upon the Bamert Regan attorneys' representations (Dkt. No. 200 at 1), which the Court has no reason to believe are untrue.

ORDER ON MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE AND CONTINUE TRIAL DATE AND PRETRIAL DEADLINES - 4

not elect to substitute counsel—the Bamert Regan attorneys terminated them as a client. This fact undermines Defendants' claim of tactical maneuvering.

Under these particular circumstances, the Court finds good cause and will GRANT AHR's motion, but will limit the continuance to 30 days. The Clerk is directed to enter an amended case schedule in line with this Order and the Court's standard offsets.

Dated this 5th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE AND CONTINUE TRIAL DATE AND PRETRIAL DEADLINES - 5