UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC,<br>Plaintiff(s),<br>v.<br>BOSLEY INC, et al.,<br>Defendant(s). | CASE NO. C23-1031-KKE<br><br>ORDER GRANTING UNOPPOSED MOTIONS TO SEAL |

Before the Court are two motions to seal: (1) Defendant Hair Club for Men Ltd., Inc.'s ("HairClub") motion to seal certain exhibits in supports of its motion for summary judgment and motion to exclude Plaintiff's experts (Dkt. No. 227), and (2) Defendant Bosley, Inc. ("Bosley") and HairClub's joint motion to seal an exhibit in support of their motion to strike the supplemental expert report of Jospeh Grekoski (Dkt. No. 247). The parties met and conferred regarding filing the documents under seal, and both motions to seal are unopposed. Dkt. No. 227 at 1–2; Dkt. No. 247 at 1–2. Redacted copies of the exhibits are on the public docket. Dkt. Nos. 229-1; 248-3. For the reasons below, the Court GRANTS the unopposed motions to seal. Dkt. Nos 227, 247.

## I. RELEVANT FACTS

On February 23, 2024, the Court entered a stipulated protective order between Plaintiff and Bosley, which defined as confidential material "sensitive financial and business information that

is not publicly known but does not constitute a trade secret." Dkt. No. 32 at 2. The protective order also defines "Confidential – Attorney's Eyes Only" material as

> sensitive information the receipt of which by the receiving party in this litigation would provide an unfair competitive advantage including but not limited to sales, revenue, expense, financial data, customer lists, formulas, compilations, programs, devices, methods, techniques, processes, research and development or any other information that is not publicly known and that derives independent economic value, actual or potential, from not being generally known.

*Id.*

On May 15, 2025, the Court entered an identical stipulated protective order between Plaintiff and Hair Club, which contained the same definitions for confidential material and "Confidential – Attorney's Eyes Only" material. Dkt. No. 153 at 2.

## II. DISCUSSION

### A. Legal Standard

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this presumption, a party must meet either a good cause or compelling reasons standard, depending on the type of document the party seeks to seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180; *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (describing the two standards). To satisfy the good cause standard, the party seeking to seal materials must show that "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the needs for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605

F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Under the local rules of this District, a party filing a motion to seal is required to provide:

> A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient. Evidentiary support from declarations must be provided where necessary.

LCR 5(g)(3)(B).

**B. Analysis**

1. <u>HairClub's motion to seal (Dkt. No. 227)</u>

HairClub seeks to seal portions of exhibits 2, 4, and 9, filed in support of its motion for summary judgment and motions to exclude plaintiff's experts. Because these documents are attached to a dispositive motion, HairClub must demonstrate "compelling reasons" supporting secrecy.

**Exhibit 2:** Exhibit 2 is the preliminary expert report of Plaintiff's expert Joseph F. Grekoski. HairClub contends that "Mr. Grekoski's report contains sensitive business and financial information of HairClub and Bosley's advertisement costs and revenue, as well as profit and loss statements." Dkt. No. 227 at 3. "The Western District of Washington permits retaining under seal nonpublic information regarding litigants' sales, cost, profit, and market share data." *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, No. 17-cv-894-TSZ, 2018 WL 11433938, at *1 (W.D. Wash. Oct. 18, 2018) (citing cases)); *see also Bite Tech., Inc. v. X2 Biosystems, Inc.*, No. C12-1267RSM, 2013 WL 1399349, at *2 (W.D. Wash. Apr. 5, 2013) (granting motion to seal "commercially sensitive financial information"). Accordingly, the Court finds that there are compelling reasons to maintain the unredacted version of this expert report under seal.

**Exhibit 4:** Exhibit 4 is a copy of HairClub's Google Search Engine Keywords between 2011 to 2026. HairClub contends that "Exhibit 4 includes HairClub's keyword advertisement, including headlines and campaigns, as well as the costs, clicks, and conversions for each keyword during this period." Dkt. No. 227 at 3–4. HairClub argues that "it will be at a competitive disadvantage" if its "advertisement strategy over the course of several years" is disclosed to the public. *Id.* at 5. The Court agrees that there are compelling reasons to maintain the unredacted version of this document under seal. *See generally Christian Care Ministry, Inc. v. Sureco Ins. Agency, Inc.*, No. 618CV1313ORL37GJK, 2019 WL 13062231, at *2 (M.D. Fla. Nov. 15, 2019) (granting motion to seal documents containing "information regarding Defendants' keyword advertising").

**Exhibit 9:** Exhibit 9 is a purported consumer confusion workbook prepared by Plaintiff during the course of the litigation. According to HairClub, it "contains information that may be considered personally identifiable information of AHR's patients." Dkt. No. 227 at 4. HairClub has filed a version of Exhibit 9 on the public docket with the names and phone numbers of patients redacted. Dkt. 229-1 at 733–50. The Court agrees that there are compelling reasons to maintain the unredacted version of this document under seal. *See generally Barber Surgeons Guild PC v. Mariotti*, 2026 WL 821236, at *3 (S.D.N.Y. Mar. 25, 2026) (granting motion to seal exhibits which contained patient names, contact information, and other personally identifiable information).

2. <u>Bosley and HairClub's motion to seal (Dkt. No. 247)</u>

Bosley and HairClub also filed a joint motion to seal the supplemental expert report of Plaintiff's expert Joseph Grekoski, which they filed as an exhibit to their motion to strike this report. Because this document is attached to a non-dispositive motion, Defendants need only demonstrate "good cause."

According to Defendants, the report should be sealed where it contains "highly confidential financial information, including profit and loss statements, advertisement costs and revenue, as well as confidential advertising campaigns." Dkt. No. 247 at 3. Defendants contend this information "would give competitors an unfair advantage in the market if it were made public." *Id.* at 4. Defendants have filed a redacted version of the exhibit for public view, which they argue "strike[s] the appropriate balance between any need for public disclosure and preserving important private and public interests." *Id.* at 4. For the same reasons the Court granted HairClub's motion to seal the preliminary expert report of Joseph Grekoski, the Court finds good cause to seal the supplemental expert report.

Accordingly, the Court GRANTS both motions to seal. Dkt. Nos. 227, 247. The unredacted versions of the exhibits (Dkt. Nos. 234, 240, 241, 249) shall be maintained under seal.

Dated this 28th day of September, 2026.

Kymberly K. Evanson
United States District Judge